**16 So.2d 906**

## SENSELEY v. FIRST NAT. LIFE INS. CO.

No. 37363.

Feb. 7, 1944.

Normann & Rouchell and Carlos E. Lazarus, all of New Orleans, for relator.

Arthur J. Landry, of New Orleans, for respondents.

PONDER, Justice.

The plaintiff, Mary Williams Senseley, brought suit against the First National Life Insurance Company on three industrial life insurance policies. The suit was filed in forma pauperis under the provisions of Act 156 of 1912, as amended. The defendant answered the suit on April 4, 1938. On June 10, 1938, the defendant answered certain interrogatories propounded by the plaintiff. Thereafter, no further steps were taken in the prosecution of the suit. On October 6, 1943, the defendant presented to the clerk of the district court a motion to dismiss the suit based on the ground that the suit had been abandoned under the provisions of Article 3519 of the Revised Civil Code in that more than five years had elapsed without any steps having been taken in its prosecution. The clerk of the district court refused to accept and file the motion, taking the position that the defendant would first have to pay $21.08, costs due by the plaintiff, in pursuance to Act 186 of 1940. A rule was issued on the clerk of court, at the instance of the de-

fendant, to show cause why the motion should not be accepted and filed, and why the suit should not be considered as having been abandoned and accordingly dismissed. In his answer to the rule, the clerk of court took the position that Act 186 of 1940 requires the payment of the costs due by the plaintiff before the suit could be dismissed. The trial court dismissed the rule until such time as a certificate was filed showing the payment of costs in conformity with Act 186 of 1940. The defendant invoked our supervisory jurisdiction, and a rule was issued directed to the trial judge to show cause why the relief prayed for should not be granted. The matter is now submitted for our determination.

We find in the record a certificate of the clerk of court disclosing that no steps were taken in the prosecution of this suit since June 10, 1938. We also find in the trial judge's reasons for judgment the following statement: "The record shows that nothing was done in the prosecution of this suit since June 10, 1938."

Unquestionably, from the record in this case, more than five years had elapsed from the date of the last step taken in the prosecution of the suit and the time the motion to dismiss was presented.

The sole and only question for our determination is whether or not Act 186 of 1940 is applicable.

Act 186 of 1940 provides:

"That from and after the passage of this Act, no order or judgment shall be rendered or signed by any court of the State of Louisiana, in parishes having a population of over 200,000 dismissing or discon-

tinuing any suit or reconventional demand, now pending or hereafter filed and pending, on the voluntary motion of any or all of the parties thereto, unless and until all costs and commissions due the Clerk of Court and the Sheriff shall first have been paid, to be evidenced by certificates of those officers to be filed with and made part of the motion to dismiss or discontinue."

From a mere reading of the Act, it is apparent that it applies only to the voluntary dismissals of suits and reconventional demands. A plaintiff in a suit has control of it and has the right to discontinue or dismiss it at any time except where the rights of the defendant are prejudiced. C.P., Article 491; St. Bernard Trappers' Ass'n v. Michel, 162 La. 366, 110 So. 617. Insofar as a reconventional demand is concerned, the defendant takes the position of plaintiff. Stringfellow v. Nowlin Bros., 157 La. 683, 102 So. 869. However, if the dismissal of either of the demands, principal or in reconvention, would prejudice the rights of other parties to the suit, the suit could only be dismissed with the consent of the parties so prejudiced. In either event, the discontinuance or dismissal would be accomplished by the voluntary withdrawal of the suit or demand and not by operation of law.

It is provided in Article 3519, R.C.C., as amended by Act 107 of 1898, as follows:

"Whenever the plaintiff [plaintiff] having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

On various occasions this Court has interpreted this provision of the law as preventing further proceedings in a suit which the law has declared to have been discontinued or abandoned. No further proceedings can be had with reference to the suit other than to strike it from the docket. Lockhart v. Lockhart, 113 La. 872, 37 So. 860; Teutonia Loan & Building Co. v. Connolly, 133 La. 401, 63 So. 63; Verrett v. Savoie, 174 La. 844, 141 So. 854, and cases therein cited; Cocke v. Cavalier, 175 La. 151, 143 So. 33.

Act 186 of 1940 contemplates the voluntary withdrawal of a suit. However, Article 3519, R.C.C., as amended, does not contemplate a voluntary withdrawal or dismissal of a suit but a forced dismissal by operation of law. The distinction between the voluntary discontinuance or dismissal of a suit and the forced dismissal by operation of law, as provided for in the amendment to Article 3519, R.C.C., is pointed out in the case of Lockhart v. Lockhart, 113 La. 872, 37 So. 860 as follows:

"The amendment, therefore, consists of a distinct clause declaring under what circumstances a suit shall be considered abandoned. It was unnecessary to declare under what circumstances a suit should be considered discontinued, because it is commonly understood that such a result is accomplished when the plaintiff appears in court and voluntarily withdraws it; but the matter of abandonment was one of interpretation, depending upon circumstances and conduct, and subject to no fixed rule. It was therefore, as we think, the purpose

of the General Assembly to substitute certainty for uncertainty, and, it being known when a suit is no longer pending in a court because of its having been discontinued, to make it known when it is no longer pending in court because of its having been abandoned."

We have therefore reached the conclusion that Act 186 of 1940 is not applicable, and that the defendant is entitled to have the suit dismissed without the payment of costs as a matter of right.

It is immaterial whether or not there was any cost due by the plaintiff. Consequently, it is not necessary for us to determine whether Act 156 of 1912, as amended, excuses the plaintiff from the payment of costs.

For the reasons assigned, the rule is made absolute. The plaintiff's suit is hereby declared abandoned and is therefore ordered dismissed.