LOTTINGER, Judge.
This is an action for damages arising out of an accident which occurred on May 9, 1964. On October 22, 1965, more than one year after the accident, the plaintiff filed this suit, being No. 32545 on the docket of the Sixteenth Judicial District Court in and for the Parish of St. Mary. Defendants, American Motorist Insurance Company, Aetna Casualty Insurance Company and Petroleum Distributing Company filed peremptory exceptions of prescription on the ground that the cause of action arose more than one year prior to the commencement of the suit, and was therefore prescribed by the prescription of one year set forth in LSA-C.C. Art. 3536. The Trial Judge maintained the exception and dismissed plaintiff’s suit as against the above named defendants. From this judgment, plaintiff has appealed.
The record clearly indicates that the plaintiffs had instituted a prior suit on July 20, 1964, under No. 31078 on the docket of the Sixteenth Judicial District Court in and for the Parish of St Mary. On October 21, 1965, in the matter numbered 31078, plaintiff submitted to a District Judge for his signature a “Motion to Dismiss” which contained the following paragraph,
“Let the foregoing cause be and the same is hereby dismissed without prejudice as *120 a non-suit, at plaintiff’s cost and reserving unto plaintiffs all of their rights.”
There was not attached to the motion to dismiss the certificate of payment of all costs and commissions due the Clerk of Court and the Sheriff, as provided by LSA-R.S. 13 ¡4201, which reads as follows:
“No order or judgment shall be rendered or signed by any court of the state dismissing or discontinuing any suit or reconventional demand, on the voluntary motion of any or all of the parties thereto, unless and until all costs and commissions due the clerk of court and the sheriff shall first have been paid, to be evidenced by certificates of those officers to be filed with and made part of the motion to dismiss or discontinue.”
The plaintiff then handed the motion to dismiss over to the Clerk’s Office for filing, but the record discloses that no filing stamp was ever affixed to the motion to dismiss. The next day, on October 22, 1965, the plaintiff filed the instant suit.
The plaintiff argues that the judgment of dismissal, even though it was signed by a judge, does not become effective until the Court costs have been paid and the certificates signed by the sheriff and the Clerk of Court have been attached thereto. Plaintiff therefore concludes that the first suit having not been dismissed is therefore still pending.
In support of his argument, plaintiff cites LSA-R.S. 13:4201; LSA-C.C.P. Art. 1671, which provides:
“A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.”
and Schouest v. Schouest, La.App., 30 So.2d 871 (1947); Senseley v. First National Life Insurance Company, 205 La. 61, 16 So.2d 906; and Gomer v. Anding, La.App., 146 So. 704 (1933) for the proposition that a voluntary dismissal cannot be granted until all costs and commissions have been paid to the Clerk of Court and the Sheriff.
Schouest v. Schouest, supra, is an application of Act 248 of 1944, presently LSA-R.S. 13:4201. Senseley v. First National Life Insurance Company, supra, dealt with a motion to dismiss on the part of the defendant for the reason .that the case had not been prosecuted for five years. There is no question but that this case did not deal with a voluntary dismissal, and therefore, we feel that any language contained therein as to a voluntary dismissal can have no bearing on the question now before us.
Plaintiff further argues that the language used in LSA-R.S. 13:4201, and particularly the word “shall” necessarily determines that it is mandatory that the cost be paid to the Clerk of Court and Sheriff prior to any voluntary dismissal. The source of LSA-R.S. 13:4201 is Act No. 186, Section T of 1940 and Act No. 248, Section 2 of 1944. The language as it is presently found in LSA-R.S. 13:4201 is identical with Act No. 248, Section 2 of 1944, and has not been amended.or changed since 1944. Whereas, LSA-C.C.P. Art. 1671 was adopted by Act No. 15 of 1960, and became effective January 1, 1961. Though LSA-C.C.P. Art. 1671 also contains the word “shall”, it is used differently.
LSA-R.S. 13:4201 in part provides, “[n]o 'order or judgment shall he rendered or signed by any court of this state dismissing or discontinuing any suit * * * ” (emphasis added) which would imply that no Court of this state could sign a judgment until the cost had been paid. But, LSA-C.C.P. Art. 1671, a later expression of legislative intent, in part provides, "[a] judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, * * (emphasis added). LSA-C.C.P. *121 Art. 1671 does not command that a Court of this state not dismiss an order, but rather commands that it shall not refuse, or in the words of the article “a judgment dismissing without prejudice shall be rendered” upon the payment of all costs. It is therefore our opinion that by a later expression of legislative intent, the legislature of this state has deemed within its wisdom to grant to the judges of this state the discretion as to whether or not a voluntary dismissal' will be granted where costs have not been previously paid. The whole intent of this line of legislation was merely to insure to the Clerks of Court and to the Sheriffs that their costs and commissions would be paid.
Alternatively plaintiff-appellant argues that even if the judgment of dismissal is valid, it did not prevent the interruption of prescription because this was a judgment of dismissal without prejudice, and the intent of the plaintiff to renew his demand is conclusively evident.
In 1960, LSA-C.C. Art. 3S19 was amended to read as follows:
“If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened.”
The dismissal of the first suit was voluntary on the part of this plaintiff, and therefore, under the expressed language of LSA-C.C. Art. 3519, “the interruption is considered as never having happened.” LSA-C.C. Art. 3519 is found in the section of the Civil Code dealing with “acquisitive prescription”, but this article is made applicable to liberative prescription by LSA-C.C. Art. 3551 which reads as follows:
“The prescription releasing debt is interrupted by all such cases (causes) as interrupt the prescription by which property is acquired, and which have been explained in the first section of this chapter.
It is also interrupted by the causes explained in the following articles.”
LSA-C.C.P. Art. 1673 provides:
“A judgment of dismissal with prejudice shall have the effect of final judgment of absolute dismissal at the trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.” (emphasis added).
In Dennistown v. Rist, 9 La.Ann. 464 (1854), a suit wherein plaintiff was non-suited on the motion of his counsel, the Court held that this suit did not interrupt prescription, though it appeared from the record that the discontinuance was taken with the intention of not abandoning the claim but of reviving it under more favorable circumstances. And, in Neal v. Hall, La.App., 28 So.2d 131 (1946) the Court held that a dismissal of a suit as of non-suit restored the matter to the status occupied before the suit was instituted.
The Code of Civil Procedure has made a change in the procedural terminology used in reference to dismissals. Whereas, formerly we used the designations of “discontinuance” and “dismissal”, with the designation “dismissal” being further subdivided into “absolute dismissal” and “dismissal as of non-suit”, under the new Code of Civil Procedure, the single term “dismissal” is subdivided into “dismissal with prejudice” and “dismissal without prejudice.” A dismissal without prejudice is the same as the former dismissal as of non-suit.
Therefore, in light of the' above, and particularly LSA-C.C. Art. 3519, we are of the opinion that the voluntary dismissal on the part of the plaintiff as to his first suit negates any interruption of prescription that the particular suit might have had. Since the first suit did not interrupt the running of the prescriptive period, and the second suit was filed more than one year after the accident, the Trial *122 Judge’s sustaining of the plea of prescription was not in error.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. Plaintiff-appellant to pay all costs.
Judgment affirmed.