209 So.2d 554 (1968)
Davidson M. REEVES, Plaintiff-Appellee,
v.
Kathleen Elizabeth REEVES, Defendant-Appellant.
No. 10922.
Court of Appeal of Louisiana, Second Circuit.
January 11, 1968.
Rehearing Denied February 5, 1968.
Writ Refused March 8, 1968.
Love, Rigby, Donovan, Dehan & Love, Shreveport, for appellant.
Abramson, Maroun & Kaplan, Shreveport, for appellee.
Before GLADNEY, BOLIN and BARHAM, JJ.
BOLIN, Judge.
Plaintiff husband sued defendant for a divorce and, alternatively, for a separation. Defendant filed an exception of res judicata alleging the parties had previously been granted a divorce in the Chancery Court of Columbia County, Arkansas, in which proceeding Mr. Reeves executed and filed an appearance and waived service of summons upon him. Mr. Reeves filed an objection to the Arkansas divorce decree and a plea of unconstitutionality alleging the decree to be null and not entitled to full faith and credit in the courts of the State of Louisiana because at the time of the filing of the suit and the rendition of the judgment in Arkansas neither party was domiciled in nor a resident of Arkansas. Following the disposition of preliminary pleas affecting the custody of the minor children born of the marriage, the exception of res judicata was argued, submitted and overruled. In due course the case was tried on the merits resulting in a judgment in favor of plaintiff granting him a separation, from which judgment defendant appeals, and in her appeal re-urges the plea of res judicata.
We shall first give consideration to the correctness of the judgment of the lower court in overruling the exception of res judicata. As related to this question the facts are not in dispute. While plaintiff *555 and defendant were husband and wife Mr. Reeves took Mrs. Reeves to Magnolia, Arkansas for the avowed purpose of obtaining a divorce. At that time neither party was domiciled, nor did they reside, in the State of Arkansas. Mr. Reeves employed an attorney for the purpose of securing the divorce and, for personal reasons, Mrs. Reeves appeared as plaintiff in the suit. However, all arrangements for securing the divorce, including the employment of counsel, was handled by Mr. Reeves.
Through her attorney Mrs. Reeves filed a petition wherein she alleged she had been a resident of Arkansas for more than sixty days and set forth facts constituting a cause of action for divorce. With the petition Mr. Reeves filed a document entitled "Entrance of Appearance and Waiver" wherein he entered his appearance in the suit and waived service of the summons upon him, the time in which to plead further and notice of the taking of depositions on the part of plaintiff. Examination of the waiver reveals it was signed before a notary in Arkansas. The testimony of two witnesses was submitted by deposition following which a decree of final divorce was rendered and signed by the judge. The decree recited that the cause was submitted to the court upon plaintiff's petition and the above-mentioned waiver of appearance by defendant. A certified copy of the foregoing Arkansas pleadings, depositions, waiver and decree were attached to the plea of res judicata.
We think the lower court erred in overruling the exception of res judicata. The latest expression of the Supreme Court of Louisiana on this subject is Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966) involving a wrongful death action in which plaintiff claimed to be the surviving widow of Carroll J. Boudreaux. Defendant alleged plaintiff was formerly married to Owen J. Mire, that her divorce from Mire in Mississippi in 1950 was void for lack of jurisdiction and, hence, her subsequent marriage to Mr. Boudreaux was null and void. Neither plaintiff nor her first husband, Mr. Mire, were ever domiciled in Mississippi. However, plaintiff filed the suit in Mississippi and Mire executed a waiver of service and entry of appearance in conformance with the Mississippi law. It was held the case was controlled by the holding in Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951). In Muelberger the court quoted from its previous decision in Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429, 1 A.L.R.2d 1355:
"We believe that the decision of this Court in the Davis case and those in related situations are clearly indicative of the result to be reached here. Those cases stand for the proposition that the requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister State where there has been participation by the defendant in the divorce proceedings, where the defendant has been accorded full opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree." (citing cases)
The court concluded:
"It is clear from the foregoing that, under our decisions, a state by virtue of the clause must give full faith and credit to an out-of-state divorce by barring either party to that divorce who has been personally served or who has entered a personal appearance from collaterally attacking the decree. Such an attack is barred where the party attacking would not be permitted to make a collateral attack in the courts of the granting state."

* * * * * *
"When a divorce cannt be attacked for lack of jurisdiction by parties actually before the court or strangers in the rendering state, it cannot be attacked by them anywhere in the Union. The Full Faith and Credit Clause forbids."
*556 Applying the rule enunciated in Muelberger to the facts in Boudreaux v. Welch, supra, our Supreme Court stated:
"This is exactly the case here. Mr. Mire, plaintiff's first husband, filed in the record in the Mississippi divorce proceedings a waiver of summons and entry of appearance. Issue was thus joined and this was sufficient to foreclose the jurisdictional question as res judicata. The filing of the waiver of summons and entry of appearance pursuant to Chapter 244, Mississippi Laws of 1936, after the institution of the divorce proceeding rendered the judgment unassailable as to Mire. In other words, by his entry of appearance he had an opportunity to litigate the jurisdictional question and this is all that is necessary in order for the Full Faith and Credit Clause to apply. (Emphasis added.)
"It was not obligatory, as the Court of Appeal believed, for Mire to have resisted the granting of the divorce. Indeed, Johnson v. Muelberger does not indicate that active participation by the defendant is necessary. On the contrary the basic element which bars collateral attack here is that the rendering State will not permit such an attack and considers the matter res judicata."
Applying the holding in the Boudreaux case to the instant case, we conclude Mr. Reeves cannot collaterally attack in Louisiana the Arkansas divorce decree unless he can show that he could attack that decree in Arkansas.
Admitting neither party in the instant case ever resided, nor were domiciled, in the State of Arkansas, the question remaining is whether, under the laws of Arkansas, Mr. Reeves could collaterally attack the divorce proceeding after having made an appearance by his waiver. The burden of undermining the decree of a sister state rests heavily upon the assailant. Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146.
In support of the contention that the Arkansas decree is not entitled to full faith and credit, counsel for plaintiff herein alleges, in his objection to the plea of res judicata, the unconstitutionality of an Arkansas Statute (Ark.Stats. § 34-1208) which "requires residence for three months next before the judgment and for two months next before the commencement of action." Plaintiff, in brief, quotes the statute defining residence, found in Act 36 of 1957, amending Arkansas Statutes 1947, § 34-1208 and 1208.1, which provides:
"The word `residence' as used in Section 34-1208 is defined to mean actual presence and upon proof of such the party alleging and offering such proof shall be considered domiciled in the State and this is declared to be the legislative intent and public policy of the State of Arkansas."
In Wheat v. Wheat (1958), 229 Ark. 842, 318 S.W.2d 793, the validity of Act 36 of 1957 was upheld, the court concluding that a legislative enactment substituting the simple requirement of three months residence, which can be proved with certainty, for the nebulous concept of domicile did not deprive the defendant of due process under the Fourteenth Amendment of the United States Constitution.
Several other cases are cited in support of the charge of unconstitutionality. The only case we find similar to the instant case is Alton v. Alton (U.S.Ct. of App. 3rd Cir.) 207 F.2d 667. The Alton case, which was thoroughly discussed in Wheat v. Wheat, supra, may be distinguished factually from the instant case. In the cited case a statute of the Virgin Islands required residence of only six weeks for the purpose of filing a divorce suit and the United States Court of Appeal held the statute unconstitutional as being unreasonable interference by a legislative branch with judicial power. We have been cited to no case holding a state does not have the constitutional authority to adopt, for jurisdictional purposes, a statute equating *557 residence within the state for a period of ninety days with domicile.
The Arkansas divorce proceedings on their face appeared valid and reflected the necessary residence of plaintiff sufficient to satisfy the jurisdictional requirements of the above-quoted statute. In light of the holding in Boudreaux, supra, we conclude the Arkansas decree is entitled to full faith and credit in Louisiana.
For the reasons assigned the judgment in favor of plaintiff Davidson M. Reeves and against defendant Kathleen Elizabeth Reeves decreeing a separation between them is annulled and set aside and the exception of res judicata filed by Kathleen E. Reeves is sustained and plaintiff's suit is dismissed at his cost.
Reversed and dismissed.
Barham, J., dissents.