BOLIN, Judge.
In May, 1964 Edward Fayte Duke sued Frances Roshong Duke for a separation. By way of a reconventional demand the wife obtained a judgment of separation and alimony pendente lite for herself and two minor children. On September 29, 1965 and November 10, 1966 Mrs. Duke filed summary proceedings in order to fix the past due alimony and make same exec-utory but no disposition was made of either of them. On March 25, 1968 Mrs. Duke filed the present summary proceeding seeking to collect the alimony due from December 15, 1964. Defendant in rule filed an answer in the form of a general denial and interposed a special plea of prescription as to all alimony accruing more than three years prior to institution of the present rule. Mr. Duke alternatively claimed he had received a valid final divorce in the State of Arkansas on October 24, 1966, which terminated the obligation to pay alimony pendente lite.
Following trial judgment was rendered in favor of Mrs. Duke and against Mr. Duke "for $6190, which constituted the past due alimony from December 15, 1964 to the date of trial, less the amount previously paid by Mr. Duke through the Juvenile Court. The judgment also modified the original award of alimony and support to $100 per month, allocating $50 as support for the minor Sharon Kaye Duke and $50 alimony to Mrs. Duke. The judgment was further modified by terminating all support payments to Jerry Dale Duke from his 21st birthday, October 8, 1966. From this judgment Mr. Duke appeals.
The first error specified is that the installments for January, February and March of 1965 accrued more than three years prior to March 5, 1968 and therefore had prescribed under Louisiana Civil Code Article 3538, which provides:
“The following actions are prescribed by three years:
“That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables.
* * * * * *
“This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced.”
Appellant cites Arabie v. Arabie, 230 La. 1036, 89 So.2d 890 (1956) interpreting the cited codal article wherein the court makes it abundantly clear that arrearages for alimony prescribe in three years unless the account has been acknowledged in writing *836 or an action commenced for the collection thereof.
Appellant contends since no disposition had been made of the two rules previously filed they should be considered abandoned and should not be held to have interrupted the running of prescription under Louisiana Civil Code Article 3519:
“If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened.”
To uphold this latter contention appellant relies on the case of Adams v. Aetna Casualty Insurance Company, 205 So.2d 118, La.App. 1 Cir. (1967) (writs granted and affirmed La., 214 So.2d 148, 1968). The Adams case is distinguishable from this case. There plaintiff filed a motion to dismiss his suit without prejudice and the court properly held the suit should be considered as not having been filed for the purpose of interrupting prescription. In the instant case the fact that the earlier rules were never tried should not be considered as an abandonment. If defendant in rule had desired to have the proceedings dismissed for lack of prosecution appropriate action should have been taken to have this done. We find each of the summary proceedings filed by Mrs. Duke to have interrupted the running of prescription and the court below, therefore, properly calculated the award due.
Giving consideration next to the question of whether a valid divorce had been rendered in Arkansas so as to terminate payments of alimony pendente lite we have examined the Arkansas decree which was duly certified and filed in the record. This judgment states Mr. Duke was a resident of Arkansas at the time of the divorce. Mr. Duke testified that at the time of the divorce proceeding he was operating a service station in Shreveport, Louisiana; that he rented a room in a hotel in Arkansas for the required residence period and that during all the time he was purporting to be a resident of Arkansas he was operating his service station in Shreveport. We are convinced from his testimony he was never a bona fide resident of Arkansas. Under these circumstances the divorce decree was a nullity and subject to being collaterally attacked by Mrs. Duke since she was not a party to that proceeding nor did she waive service or in any way submit herself to the jurisdiction of the foreign court. See Reeves v. Reeves, 209 So.2d 554, (writ refused) La.App. 2 Cir. (1968). Having concluded the Arkansas divorce was invalid the cases cited by appellant holding a valid dissolution of a marriage by a judgment of a foreign court terminates the wife’s right to alimony under a separation judgment are inapplicable.
Appellant also complains the lower court erred in failing to award Mr. Duke a credit of $400 allegedly received by Mrs. Duke from the sale of cattle belonging to the community and $35 received by her for the rental of property in Texas. Our review of the record convinces us the cost of feeding the cattle for three or four years exceeded the sale price and as a consequence Mrs. Duke received no net income from the sale of the cattle. With regard to the item of $35 rental on the Texas property the evidence is inconclusive as to whether Mr. Duke should be allowed credit for this.
Appellant specifies as error the lower court’s failure to find Mrs. Duke capable of earning enough for her support, but the record does not substantiate this complaint. To the contrary, the evidence preponderates that Mrs. Duke needs more money than the court awarded her, but Mr. Duke was found to be unable to pay her or the child alimony sufficient to cover their needs.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.