PRICE, Judge.
This is an appeal from a judgment of the district court refusing to give full faith and credit to an Arkansas divorce decree.
On September 7, 1968, the plaintiff husband, William W. Staples, sued his wife, Sandra D. Staples, for an absolute divorce. The defendant filed exceptions of res judi-cata and no cause or right of action, alleging the parties had previously been granted a divorce in the Chancery Court of Pulaski County, Arkansas, on August 28, 1968. These exceptions were referred to trial on the merits. The trial judge rendered judgment in favor of the plaintiff and against the defendant overruling the exceptions of res judicata and no cause of action, and further decreed a judgment of absolute divorce in favor of the plaintiff. From this adverse judgment the defendant has perfected this devolutive appeal.
The facts reveal that the plaintiff and defendant were married in Jackson Parish, Louisiana, on May 18, 1966. They established a matrimonial domicile in this parish until plaintiff entered the military service. Upon his return to the States the parties began to reside at Fort Hood, Texas, where matrimonial difficulties ensued shortly thereafter, culminating in the defendant leaving this residence in late March, 1968. The defendant returned to Jonesboro, Louisiana, and resided with her mother and father for a brief period. On approximately April 3, 1968, the defendant left Louisiana and began residing with her aunt and uncle in Mabelvale, Arkansas. On June 11, 1968, the defendant consulted an Arkansas attorney and filed an action for divorce. The defendant testified that she resided in Mabelvale, Arkansas continuously from April 3, 1968, until August 28, 1968, except for two brief visits to the State of Louisiana, one on July fourth and the other in late August.
In due course, a judgment decreeing a dissolution of the bonds of marriage was rendered by the Arkansas court on August 28, 1968. On this date, after receiving the divorce decree, the defendant left Arkansas for Monroe, Louisiana. She has not returned to Arkansas since her departure on August 28, 1968.
The record shows that the plaintiff received notice of the Arkansas divorce proceedings instituted by his wife from two attorneys appointed by the court to represent him as a non-resident. The plaintiff made no entry of an appearance or waiver of summons in these proceedings.
*906 It is well settled that the plaintiff is entitled to question the jurisdiction of the Arkansas court if he made no waiver of summons or entry of personal appearance. Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966). However, this court has recognized that the appropriate criteria to apply in determining whether the Arkansas court had jurisdiction is the Arkansas standard of actual residency for three months, rather than the Louisiana requirement of domicile. Reeves v. Reeves, 209 So.2d 554 (Ct.App.2d Cir., 1968).
The meaning of residence in the Arkansas divorce statute in question is set forth in Act 146 of 1961, which provides:
“The word ‘residence’ as used in Section 34-1208 is defined to mean actual presence and upon proof of such the party alleging and offering such proof shall be considered domiciled in the State and this is declared to be the legislative intent and public policy of the State of Arkansas.”
The constitutionality of the foregoing statute was upheld by the Arkansas Supreme Court in the case of Wheat v. Wheat, 229 Ark. 842, 318 S.W.2d 793, which holding was subsequently condoned by this court in the Reeves case, supra. The Arkansas court in the Wheat case concluded the legislature of that state had the right to adopt a statute equating ninety days residence within the state with domicile to satisfy the jurisdictional requirement for divorce in that state. This court, in the Reeves case, discussed the validity of the statute and concluded that a judgment awarded to a party complying with the provisions of the statute must be given full faith and credit in this state. Therefore, this court must consider this case in light of the Arkansas statute under which the divorce was obtained with its ninety day residence requirement, and not the Louisiana standard of domicile which requires not only residence but the additional showing of intent to permanently reside.
It is well established that the burden of attacking a decree of a sister state rests heavily upon the assailant. Reeves v. Reeves, supra.
The crucial issue for this court to decide is whether the plaintiff has carried the burden required of him to establish by a preponderance of the evidence that the defendant did not actually meet the residence requirements under the Arkansas statute.
The facts adduced at the trial show that the defendant actually resided in Arkansas for a period of time in excess of the three months required by the Arkansas statute, namely from April 3, 1968, to August 28, 1968. The evidence shows that the defendant left the State of Arkansas twice during this period of residency for brief visits to the State of Louisiana. There is no evidence that these visits were of lengthy duration. The defendant testified that she did not go to Arkansas for the express purpose of obtaining a divorce, and only decided to return to Louisiana so that the child she was carrying would be born in this state rather than Arkansas.
The Arkansas divorce proceedings appear on their face to be valid and reflect the necessary residence of the defendant adequate to sustain jurisdiction under the Arkansas statute. This court is of the opinion that since the evidence shows the defendant complied with the residence requirements of the Arkansas divorce statute, and the Arkansas divorce proceedings are regular on their face and reflect these requirements, we are bound to give full faith and credit to the Arkansas divorce decree.
For the reasons assigned the judgment appealed from is hereby reversed, and accordingly judgment is hereby rendered in favor of defendant, Sandra D. Staples, and against plaintiff, William W. Staples, sustaining the exception of res judicata and dismissing plaintiff’s suit at his cost.
All costs of this appeal to be paid by ap-pellee.