271 So.2d 898 (1972)
Rita Lynne Kendrick HAMPSON, Plaintiff-Appellant,
v.
Frank Wallis HAMPSON, Defendant-Appellee.
No. 11958.
Court of Appeal of Louisiana, Second Circuit.
November 28, 1972.
Rehearing Denied January 9, 1973.
Supplementary Opinion January 25, 1973.
*900 Dan A. Spencer, Shreveport, for plaintiff-appellant.
Naff, Kennedy, Goodman & Donovan, by Robert J. Donovan, Jr., Shreveport, for defendant-appellee.
Before AYRES, BOLIN and HALL, JJ.
En Banc. Rehearing Denied January 9, 1973.
HALL, Judge.
Multiple procedural and substantive issues are raised in this appeal from a judgment of the district court (1) granting defendant a new trial in a divorce action in which plaintiff obtained a judgment of divorce and child support on May 21, 1969, where notice of judgment was never served on the defendant who was originally cited by domiciliary service; (2) setting aside the 1969 judgment and denying plaintiff's demands for a final divorce because of a previous divorce judgment obtained by defendant in Arkansas, the validity of which was recognized by the district court; (3) awarding plaintiff the permanent care, custody and control of two minor children and child support in the amount of $50 per month for each child retroactive to April 23, 1969, the date of filing of the petition for divorce and child support; and (4) making executory the sum of $490 for past due child support.
On February 28, 1968, plaintiff obtained a legal separation from the defendant in Caddo Parish and was awarded the custody of the two minor children of the marriage and $150 per month child support.
On April 23, 1969, plaintiff filed a petition for final divorce, permanent care and custody of the children and child support. The record shows domiciliary service on the defendant at his parents' home in Shreveport. Judgment was rendered by default on May 21, 1969, granting plaintiff a final divorce from defendant, awarding plaintiff the permanent care, custody and control of the children and $150 per month child support. The record shows notice of judgment was issued but not served on the defendant, the return stating that he could not be located.
On April 7, 1971, plaintiff filed a rule for contempt and to make past due child support executory, based on allegations of nonpayment of support in accordance with the May, 1969 judgment. Defendant responded with a motion for new trial and to set aside the May, 1969 judgment, alleging *901 that he did not reside at, nor was he domiciled at the address where domiciliary service was originally made, and also that he had never been served with notice of the judgment as required by law. As grounds for granting a new trial and reducing the amount of child support, defendant alleged the 1969 judgment was based on insufficient evidence in that there was no testimony as to the income of defendant or the needs of the children, defendant's income had changed from the time the original separation and child support judgment was rendered, and defendant had previously obtained a judgment of divorce on May 3, 1968, in the State of Arkansas, where he was, in fact and law, a resident and domiciliary for the period of time required by that state. Defendant also filed a peremptory plea of res judicata based on the Arkansas divorce judgment and an answer alleging his inability to pay $75 per month for the support of each child and seeking a reduction in the amount to $37.50 per month per child.
On May 5, 1971, plaintiff filed a supplemental rule for contempt and to make past due child support executory, alternatively claiming child support under the 1968 judgment in the separation action, in the event the 1969 judgment was set aside. Defendant answered alleging his Arkansas divorce judgment and claiming an abatement of the original separation and child support judgment as a consequence thereof. Defendant also filed an exception of no cause or right of action alleging the Arkansas divorce as a bar to all of plaintiff's demands.
The case went to trial on May 14, 1971, and in a written opinion dated June 29, 1971, the district court held the Arkansas divorce was valid and entitled to full faith and credit, that the Arkansas divorce abated the prior separation suit and child support judgment in connection therewith, that the Arkansas divorce barred plaintiff's subsequent petition for a final divorce but not her prayer for child support contained therein, that defendant was entitled to a new trial in the divorce action and to have the judgment rendered therein set aside, with the court to hear additional evidence on the question of child support only.
Subsequently, on February 24, 1972, plaintiff filed a rule for child support seeking $300 per month for the support of both children. Defendant responded with an objection to plaintiff proceeding by summary process, with an exception of lis pendens based on the pending child support issue raised by the original petition for divorce and child support, and with a supplemental rule to reduce the amount of child support.
The case then went to trial on the child support issue. Child support was fixed at $50 per month for each child retroactive to April 23, 1969, and past due child support was fixed at $490.
From the judgment rendered as described in the opening paragraph of this opinion, plaintiff appealed. Defendant answered the appeal.
Plaintiff makes the following specifications of error:
(1) The court erred in finding that the judgment of divorce rendered in the State of Arkansas was a valid judgment between the parties;
(2) The court erred in finding that the judgment of divorce in the State of Arkansas abated the legal obligations of support flowing from the judgment of the court below of February 28, 1968;
(3) The court erred in granting the motion for a new trial and in setting aside the judgment of the court below of May 21, 1969; and
(4) The court erred in holding on the motion for a new trial and on the petition for support that the needs of the minor children of the defendant-appellee and his ability to pay justified an award of $50 per month for the support of each child.
*902 Defendant specifies that the district court erred in the following respects:
(1) In considering the petition for divorce filed April 23, 1969, as a request for custody and support even though the custody and support were only requested as incidental relief to the request for a divorce in said petition;
(2) In setting the support retroactive to June 1, 1969, when the earliest request for custody and support as direct relief rather than incidental to a petition for divorce was in the petition of February 24, 1972;
(3) In failing to sustain the objection to summary process; and
(4) In failing to sustain the exception of no cause of action to the original rule to accrue.
The specific relief prayed for by plaintiff is that the judgment of divorce and child support rendered May 21, 1969, should be reinstated or, alternatively, that the judgment for child support rendered in the original 1968 separation suit should not be abated by the Arkansas divorce judgment, and that an executory judgment for past due child support should be rendered on the basis of either the 1968 separation judgment or the 1969 divorce and child support proceedings. Plaintiff further prays that defendant be ordered to pay the sum of $300 per month for the support of his children based on circumstances existing at the time of the last trial of the child support issue.
The specific relief prayed for by defendant is that plaintiff's demands for child support and past due child support be rejected, or alternatively, that payments commence only from the date of filing the petition for support in 1972.
The issues presented by this appeal can be framed and stated as follows:
(1) Was the district court correct in granting defendant a new trial in the divorce action;
(2) Was the district court correct in recognizing the validity of the Arkansas divorce and, on the basis thereof, setting aside the May, 1969 judgment of divorce and holding that the Arkansas judgment abated the 1968 judgment of separation and child support;
(3) Was the district court correct in awarding child support retroactive to the date of filing of the petition for divorce and child support, in view of the procedural posture of the case; and
(4) Was the district court correct in the amount awarded for child support.
We hold that the district court correctly decided each of these issues and we affirm the judgment appealed from.
Motion For New Trial
The default judgment awarding plaintiff a divorce, custody of the children and child support was rendered and signed on May 21, 1969. Citation had been served on defendant by domiciliary service. Notice of judgment was issued but was never served on the defendant by the sheriff, whose return showed he was unable to locate defendant, a notation being made that defendant had moved from the address where domiciliary service was originally made. Defendant's motion for new trial was filed some twenty-three months after the date of judgment.
LSA-Code of Civil Procedure Article 1913 provides in part:
"Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service."
LSA-Code of Civil Procedure Article 1974 provides:
"The delay for applying for a new trial shall be three days, exclusive of legal *903 holidays except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
"When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. As amended Acts 1961, No. 23, § 1."
In this case defendant was not served personally and, therefore, service of notice of judgment was required. Since notice of judgment was never served on defendant by the sheriff, the delay for applying for a new trial never commenced to run.
Plaintiff argues, however, that defendant waived service of the notice of judgment or is barred from complaining of the lack of the service thereof because he had actual knowledge that the judgment was rendered and failed to take any steps in opposition thereto for a period of twenty-three months. Defendant's own testimony is that he knew of the judgment of divorce and for child support and that he thought he had actually seen a copy of it.
Plaintiff cites Gulf States Finance Corp. v. Colbert, 223 La. 743, 66 So.2d 793 (1953) and State ex rel. Mitchell v. Cohn Flour & Feed Co., 17 La.App. 108, 135 So. 385 (La. App. 1st Cir. 1931) as authority for the proposition that service of notice of judgment may be waived by a defendant. These cases are authority for that proposition but the cases are readily distinguishable from the case at bar. In both of those cases, the court was dealing with Articles 575 and 624 of the former Louisiana Code of Practice which required service of notice of judgment in cases of default judgments rendered on domiciliary service, as a prerequisite for the running of delays for taking suspensive appeals and execution of such judgments. In both cases the court held defendants waived service of notice of judgment by appearing in court and moving for an appeal from the judgment.
In the instant case, the defendant took no action which could be construed as a waiver of service of the notice of judgment. No authority is cited in support of plaintiff's contention that actual knowledge of rendition of the judgment is equivalent to service of notice or amounts to a waiver of service of notice. The mere passage of a substantial amount of time after rendition of the judgment does not constitute a waiver or bar the defendant from applying for a new trial where the delay never commenced to run. In Joy's of Baton Rouge, Inc. v. Jackson, 244 So.2d 294 (La.App. 1st Cir. 1971) the court held an application for new trial filed on June 11, 1970, was timely where a default judgment based on domiciliary service was rendered March 21, 1962, and notice of judgment was never served.
The district court correctly held that the motion for new trial in the instant case was timely filed, since notice of judgment was never served and the delay for applying for a new trial never commenced to run. The district court properly exercised its sound discretion in granting the new trial under LSA-Code of Civil Procedure Article 1973, based on defendant's showing that he obtained a judgment of divorce in Arkansas prior to the filing of plaintiff's petition for a divorce in Louisiana, and on defendant's showing that no evidence was adduced in the 1969 proceedings relating to his income or the children's needs, the absence of which testimony is borne out by the transcript of these proceedings.
Validity and Effect of Arkansas Divorce
The next issue to be resolved is whether the judgment of divorce obtained by the defendant on May 3, 1968, in the State of Arkansas is valid and entitled to be given full faith and credit in Louisiana.
Anyone at interest has the right to collaterally impeach a decree of divorce *904 rendered in another state by proving that the court had no jurisdiction.[1] The judicial power to grant a divorce, that is, jurisdiction, strictly speaking, is founded on domicile. The only question which the courts of this state can consider with respect to a decree of the courts of another state is the jurisdictional requirement of domicile. Louisiana courts will give full faith and credit to divorce decrees rendered by courts of other states except where it has been conclusively shown by sufficient proof that the court rendering the decree did not have the jurisdictional requirement of domicile. The burden of undermining the decree of the other state rests heavily upon the assailant. Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); Navarrette v. Laughlin, 209 La. 417, 24 So.2d 672 (1946); Juneau v. Juneau, 227 La. 921, 80 So.2d 864 (1955); Turpin v. Turpin, 175 So.2d 357 (La.App. 2d Cir. 1965).
In Staples v. Staples, 232 So.2d 904 (La.App. 2d Cir. 1970), this court stated that the criteria for determining whether the Arkansas court had jurisdiction was the Arkansas statutory requirement of ninety days residence and not the Louisiana standard of domicile. The Arkansas statute defines "residence" as "actual presence" which is equated to domicile as a matter of public policy of the State of Arkansas. In spite of the language used in our opinion in Staples, we reaffirm the right of this Louisiana court to make its own determination of whether an Arkansas divorce judgment must or should be given full faith and credit in this state, recognizing that we are constitutionally required to do so by the full faith and credit clause of the United States Constitution only if the Arkansas court was vested with jurisdiction, strictly speaking, based on domicile of one or both of the parties in that state. In most, but not necessarily all instances, actual residence can be equated to domicile without departing materially from traditional definitions of domicile, which term was not clearly defined by the United States Supreme Court in Williams, or in any subsequent Supreme Court case. To this extent, giving due respect to the Arkansas law and judicial determination as required by Williams, compliance with the requirements of the Arkansas statute is the primary but not sole criteria.
The evidence in the case before us reflects that defendant separated from his wife and moved from the matrimonial domicile in Shreveport to Taylor, Arkansas, in January, 1968. He rented a room in that town from a friend he knew from a previous employment and actually lived in and spent most nights in the room. He opened a bank account in Taylor, did considerable business with a local service station, and sent and received mail at his Taylor, Arkansas address regularly during the ninety-day period. Defendant testified he did not intend to remain permanently in Taylor, but did intend to remain permanently in Arkansas, his intent at one time being to move to Hot Springs and open a business there. Plaintiff points out that defendant continued to work at the Louisiana Ordinance Plant near Minden, Louisiana (a forty-five minute to one hour drive from Taylor), maintained a second bank account in Shreveport, and moved back to Shreveport immediately after obtaining the divorce. There is no showing that plaintiff maintained any residence during the ninety-day period other than the residence in Taylor, Arkansas. All of the evidence considered, it is our opinion that plaintiff has *905 failed to bear the heavy burden of proving that defendant did not have his actual residence or domicile in Arkansas during the period required by the Arkansas statute. The district court correctly held that the Arkansas court had jurisdiction and that the Arkansas divorce is valid and entitled to full faith and credit in this state.
Plaintiff cites Duke v. Duke, 216 So.2d 834 (La.App. 2d Cir. 1968). There, this court found that the husband who obtained an Arkansas divorce was never a bona fide resident of that state. The only facts set forth in the opinion were that the husband testified he operated a service station in Shreveport, rented a room in a hotel in Arkansas during the required period, but continued to operate his station in Shreveport. Although similar as to the particular facts stated, the instant case is distinguishable from the Duke case as a matter of degree based on the totality of the evidence, giving due weight to plaintiff's burden of proof.
Recognizing the Arkansas divorce judgment as valid and entitled to full faith and credit, the district court properly granted a new trial in plaintiff's Louisiana divorce proceeding, set aside the May, 1969 judgment of divorce, and rejected plaintiff's demands for a divorce based on res judicata.
The Arkansas divorce judgment rendered in May, 1968, had the effect of abating the Louisiana separation proceedings and all incidents thereto including the judgment for child support. Starkey v. Starkey, 209 So.2d 593 (La.App. 1st Cir. 1967). Certainly the obligation of the father to support and maintain his children as prescribed by LSA-Civil Code Article 227 continued, but it was necessary for the mother with custody to bring a separate action to enforce the parental obligation of support for the children. Plaintiff was not entitled to an executory judgment for child support payments accruing after the effective date of the Arkansas divorce judgment. In this regard, it should be noted that at the trial the parties stipulated that amounts due and paid prior to May, 1969, would not be litigated in this proceeding.
Plaintiff contends that under Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957) and Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948), the Arkansas judgment, even if entitled to full faith and credit insofar as termination of the marital relationship is concerned, should not be given effect insofar as it purports to affect or terminate rights to child support. This precise issue was considered in Starkey v. Starkey, supra, and resolved contrary to plaintiff's position. Although the Arkansas court had no power or jurisdiction to render judgment directly affecting plaintiff's right to alimony for the support of her children, the Arkansas judgment of divorce abated the child support judgment rendered in the Louisiana separation proceedings in the same manner as would have a Louisiana divorce judgment, as a matter of Louisiana law.
Procedural Posture of the Child Support Issue
As previously stated, the district court, upon granting a new trial in plaintiff's action for a divorce and child support, heard evidence on the needs of the children and the defendant's ability to pay, both at the time the proceeding was commenced in 1969, and at the time of trial in 1972. The district court determined that the appropriate amount of support both originally and at the time of trial was $50 per month for each child or a total of $100 per month. Judgment was rendered ordering defendant to pay this amount beginning in April, 1969, the date of filing the original petition for divorce and child support. An executory judgment for past due child support was rendered in the amount of $490, the amount found by the district court to be due and unpaid at the time of trial.
Defendant contends that the district court erred in considering plaintiff's *906 prayer for child support contained in the petition wherein she also sought a divorce, for the reason that the demand for child support, being an incident to the divorce suit, must fall with the action for divorce. Defendant further contends that the only other demand for child support made by plaintiff is contained in the rule filed in 1972, and that plaintiff may not proceed by summary process but must resort to a separate action by ordinary process. Defendant cites Starkey v. Starkey, supra, and Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956).
The cited cases are authority only for the proposition that a judgment of divorce abates a judgment for alimony or child support rendered incidental to a separation proceeding and that the parental obligation of support must be enforced by a proceeding separate and distinct from the separation proceeding.
The prayer for child support contained in the petition wherein plaintiff also sought a divorce was not incidental to the divorce action as such. It was, itself, an action to enforce the parental obligation of support, contemplating a divorce between the parents. The parents were, in fact, divorced although it was by the Arkansas judgment and not the Louisiana proceedings and a consideration of plaintiff's demand for child support, following the divorce, was proper.
Plaintiff is entitled to child support based on and dating from the time of the original divorce and child support proceedings.
Amount of Child Support
The district court awarded plaintiff $50 per month for each child, or a total of $100 per month. The evidence is that at the time this litigation commenced in 1969, defendant was earning approximately $425 per month at the Louisiana Ordinance Plant. Thereafter, he moved from job to job sometimes earning considerably more and sometimes less. In August, 1970, at his father's death, defendant started working with his mother in continuing his father's photography business in Shreveport. At the time of trial the business was producing very little income with defendant drawing about $200 per month or less.
The district court's discretion in fixing child support is entitled to great weight. We do not find an abuse of such discretion in this instance and, therefore, affirm the amount awarded.
For the reasons assigned, the judgment of the district court is affirmed, the cost of the appeal to be borne by plaintiff-appellant.
Affirmed.
Before AYRES, BOLIN, PRICE, HEARD and HALL, JJ.

SUPPLEMENTARY OPINION
PER CURIAM.
The appellant's application for a rehearing was considered by this Court and denied on January 9, 1973.
It has now come to the Court's attention that the application for rehearing was not timely filed within fourteen (14) days after receipt of notice of judgment by counsel of record as required by LSA-CCP Art. 2166 and Rule XI of the Uniform Rules of the Courts of Appeal. Judgment was rendered November 28, 1972. On the same date a copy of the Court's opinion and judgment was picked up and receipted for at the office of the Clerk of Court by Sarah E. McFarland, a secretary for applicant's counsel of record. The application for a rehearing was filed by delivery to the clerk's office on December 13, 1972, the fifteenth day after, but not including, the date of receipt of notice of judgment.
Under the provisions of LSA-CCP Art. 2167, the judgment of this Court became final and executory when the delay for *907 applying for a rehearing expired, no application therefor having been timely made. This Court was, therefore, without jurisdiction to consider the application. Accordingly, the records of the Court are amended to reflect that appellant's application for a rehearing was not considered, for the reason that it was not timely filed.
NOTES
[1] An exception or limitation to this rule exists where the party against whom the divorce judgment was rendered made an appearance, executed a waiver or otherwise participated in the proceedings in the other state, thereby precluding a collateral attack on the judgment in the other state. Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951); Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966); Reeves v. Reeves, 209 So.2d 554 (La.App.2d Cir. 1968). The exception has no application in the instant case as plaintiff did not participate in any manner in the Arkansas proceedings.