312 So.2d 896 (1975)
Mrs. Annie Lou BABERS, Plaintiff-Appellant,
v.
Linda Jean BABERS and Bobby Joe Weaver, Defendants-Appellees.
No. 12597.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1975.
Rehearing Denied June 3, 1975.
Writ Refused September 8, 1975.
Holloway, Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiff-appellant.
Bethard & Davis by Henry W. Bethard, III, Coushatta, for defendants-appellees.
Before AYRES, PRICE and HALL, JJ.
En Banc. Rehearing Denied June 3, 1975.
AYRES, Judge.
Plaintiff, a third party, through this action, seeks to have annulled an Arkansas divorce obtained by defendant Linda Jean Babers against defendant Bobby Joe Weaver. Plaintiff is the mother-in-law of the first-named defendant by virtue of the subsequent marriage of her son, Reginald Lewis Babers, to that defendant.
To disclose a right of action plaintiff alleged that she was the mother of Reginald Lewis Babers, issue of her marriage to William Babers who predeceased her son and of whom she is the sole heir. To set forth a cause of action plaintiff alleged that the defendants, in obtaining the divorce, practiced a fraud upon the courts of Arkansas in that both were residents of and domiciled in the State of Louisiana, that neither lived in the State of Arkansas, that Linda Jean Babers, particularly, did not live in that State prior to and during a period of 60 days preceding the institution of her action for divorce, nor for a period of 30 days pending such action, all as required by the laws of Arkansas. It was *897 accordingly alleged and contended that the Chancery Court in and for Union County, Arkansas, was without jurisdiction to entertain the action or to grant a divorce.
To plaintiff's present action defendant Linda Jean Babers interposed a motion for a summary judgment based on the contention that there is no genuine issue as to any material fact. This motion was sustained and, from a judgment accordingly rejecting plaintiff's demands, she appealed.
Filed in the record and attached to the motion for a summary judgment is a transcript of the pleadings filed and of the proceedings had, as well as a copy of the judgment rendered in the Chancery Court of Union County, Arkansas. The documents contained in this transcript were duly certified in accordance with law. This transcript reflects that Bobby Joe Weaver, defendant in that cause, waived service of summons and entered his personal appearance for any and all purposes. The decree, moreover, reflects a finding on the part of the chancellor that plaintiff therein had been a resident of the aforesaid county and state for more than 60 days prior to the institution of the action, and that more than 30 days thereafter elapsed prior to the hearing of the cause and the granting of the divorce. The transcript additionally reflects that defendant Bobby Joe Weaver did not controvert nor contest the correctness of the recitals contained in the transcript.
In Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966), it was held by the Supreme Court of this State that upon plaintiff's first husband's filing in the record in a Mississippi divorce proceeding, a waiver of summons and an entry of appearance, issue was joined and that such was sufficient to foreclose a jurisdictional question. The court pointed out that by his entry of appearance in the Mississippi divorce proceeding, plaintiff's first husband had the opportunity to litigate the jurisdictional question and that was all that was necessary in order for the full-faith-and-credit clause contained in the Constitution of the United States, Article 4, Section 1, to apply to a divorce decree; thus, where the defendant was sued for the wrongful death of plaintiff's second husband, he was not entitled to attack the divorce decree on the ground that plaintiff was not the surviving spouse of the decedent within the recitals contained in the wrongful-death statute (LSA-C.C. Art. 2315).
This court, in Reeves v. Reeves, 209 So.2d 554 (La.App., 2d Cir., 1968writs refused, 1968), held that a husband could not attack, in a proceeding in this State, an Arkansas divorce decree where he had filed a document entitled "Entrance of Appearance and Waiver" wherein he entered his appearance in the proceedings and waived service of summons in the Arkansas proceeding. In Didier v. Didier, 230 So.2d 436 (La.App., 1st Cir., 1969writ refused, 1970), the court, in similar language, held that where there is a waiver of summons, an appearance, and the joining of issue in a divorce proceeding in another state, the jurisdictional question is foreclosed as res judicata, and that a Louisiana court must thus give full faith and credit to the judgment of such sister state where the decree is unassailable in the courts of that state. It was further stated that if a decree cannot be attacked on jurisdictional grounds in the initial trial court is cannot be attacked in the courts of this State.
As was previously pointed out by the United States Supreme Court in Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951), the principles of res judicata apply to questions of jurisdiction as well as to other issues, including jurisdiction of the subject matter and of the parties. It was there held that where a defendant who appeared by counsel and filed an answer in a divorce action instituted by a second wife and had an opportunity to contest the jurisdictional issues in that court, the defendant's daughter, after his death, and as his sole legatee under his will, would not be permitted under the laws *898 of Florida to attack the Florida divorce decree as beyond the jurisdiction of the rendering court, and that whenever a divorce cannot be attacked for lack of jurisdiction by parties actually before the court or strangers in the rendering court, the divorce cannot be attacked by them anywhere in the Union by virtue of the full-faith-and-credit clause.
Hence, for the reasons herein assigned, the judgment sustaining the motion for a summary judgment is affirmed at plaintiff-appellant's costs.
Affirmed.