HAWTHORNE, Justice.
Mrs. Rita Nunnery Arabie obtained a judgment of divorce from her husband, Walter Arabie, on November 15, 1944. This judgment of divorce gave to plaintiff the care, custody, and control of the five-year-old child of the marriage, Joyce Marie Arabie, and awarded alimony for the support of the child to be paid to the plaintiff at the rate of $7 per week beginning October 25, 1944.
On June 15, 1955, more than 10 years after the date of the judgment of divorce, plaintiff filed this rule in the divorce proceedings, praying that her former husband be ordered to show cause why she should not obtain an executory judgment of $3,878, which represented alimony of $7 per week from the date of the judgment to the date of the filing of the rule. Defendant contended that plaintiff’s proceeding by rule was improper, and also pleaded waiver, laches, and estoppel, the prescriptions of 10 years provided by Articles 3544 and 3547 of the Civil Code, and the three-year prescription of Article 3538.
On the trial of the rule the judge found that defendant had made no alimony payments since the rendition of the 1944 judgment. He concluded, however, that under Article 3541 of the Civil Code the three-year prescription provided in Article 3538 of the Code was applicable even to alimony due for the support of a minor, and awarded to plaintiff an executory judgment in the sum of $1,134, which represented alimony of $7 per week for the 156 weeks preceding the date of the filing of the rule and also alimony of $7 per week for the six-week period between the filing of the rule and the date of the judgment. The judge overruled the other pleas filed by defendant in rule. Defendant appealed to this court, contending that the lower court erred in holding that plaintiff was properly proceeding by summary process or by rule to show cause; in holding that the doctrine of waiver, laches, and estoppel did not apply; and in holding that the 10-year -prescriptions provided by Articles 3544 and 3547 were not applicable. Appellant also contends that the court was in error in awarding judgment for $7 per week from the date of the filing of the rule to the date of the judgment (six weeks @ $7).
The trial judge was correct in allowing appellee to proceed by rule. The judgment of divorce in the instant case fixed an amount of weekly alimony to be paid by appellant for the maintenance, care, and support of his minor child. In Williams v. Williams, 211 La. 939, 31 So.2d 170, 171, a similar case, we said:
“ * * * The use of the rule to make the delinquent payments execuutory was conformable to a method of *1041 practice which has been sanctioned by our courts in numerous cases. See Snow v. Snow, 188 La. 660, 177 So. 793 (where all of the prior jurisprudence on this question is reviewed) ; Cotton v. Wright, 193 La. 520, 190 So. 665, and the recent case of Erdal v. Erdal, La.App., 26 So.2d 377, where a similar question was raised by the defendant husband.”
Appellant also says that the doctrine of waiver, laches, and estoppel is applicable in this case because for more than 10 years from the date of the rendition of the alimony judgment no action was taken by his former wife to obtain its enforcement and no payments were made by him. Counsel cite no law in support of this contention. Moreover,-in the case of Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226, this court held that the right to receive back alimony in a lump sum is not waived by the divorced wife’s failure to make periodic demands on her former husband. See also Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89. Furthermore, we see no reason why these doctrines should apply simply because appellant has failed to make the alimony payments.
Article 3544 of the Civil Code provides that in general all personal actions except those before enumerated are prescribed by 10 years, and in Article 3547 it is stated that all judgments for money, whether rendered within or without the state, shall be prescribed by the lapse of 10 years from the rendition of such judgment. Appellant argues that these articles are applicable here, and that since more than 10 years have elapsed since the judgment of divorce in which appellee was awarded custody of the minor child and alimony for the maintenance and support of the child, these articles are applicable, and appellee accordingly cannot recover in these proceedings.
In Wright v. Wright, 189 La. 539, 179 So. 866, this court after citing Article 227 of the Civil Code said that fathers and mothers have the obligation of supporting, maintaining, and educating their children, that the legal duty imposed upon a father to support his children continues during minority and is not affected by divorce or separation, that a judgment for alimony is not a final judgment but is one always subject to review and to change and modification, whereas a money judgment is a vested right and not subject to change. In other words, a judgment to pay alimony is not a money judgment founded on debt, but is one enforcing a continuing legal obligation of the father to support his minor child. See Fazzio v. Krieger, 226 La. 511, 76 So.2d 713.
In the Wright case, supra, the court held that Article 3547, which provides that all judgments for money shall prescribe by the lapse of 10 years, was not applicable to a judgment for alimony rendered in be *1043 half of minor children against their father, and that a plea of prescription under this article was properly overruled by the trial judge. See also Gehrkin v. Gehrkin, supra.
. In. discussing the prescriptive period applicable to actions for arrearages of alimony, this court said in Miller v. Miller, 207 La. 43, 20 So.2d 419, 421:
“Since Article 3538 of the Revised Civil Code specifically provides that actions for arrearages of alimony are prescribed in three years, and Articles' 3544 and'3547 (as amended) of the Revised Civil Code are so- general in their nature, we are compelled-to arrive at the conclusion that the provisions of Article 3538 govern.
“Under the accepted rule of construction, Article 3538 being a special law insofar as it applies to alimony, it must be given precedence over the general provisions heretofore mentioned.”
In the instant proceeding the trial judge was correct in holding that the prescriptions of 10 years provided in Articles 3544 and 3547 were not applicable, but that the prescription of three years provided in Article 3538 was applicable. See Art. 3541, La.Civ.Code; Wright v. Wright, Miller v. Miller, and Gehrkin v. Gehrkin, all cited above. Article 3538 provides:
“The following actions are prescribed by three years:
“That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables.
* * * ‘ * * $
“This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced.”
The rule in the present case was filed on June 15, 1955. Upon the filing of this rule the three-year prescription ceased to run, as it was on this date that the action was commenced; and the trial judge was therefore correct in awarding to appellee an executory judgment for alimony for 156 weeks (three years) at $7 per week, amounting to $1,092.
In addition to this sum, however, the judge awarded $42 as alimony of $7 per week from the date the action was commenced on June 15, 1955, to the date of the judgment, July 29, 1955, even though the rule itself was tried and submitted to-the court on July 7, 1955. Under the circumstances it can readily be seen that there could not have been any evidence whatever before the court to justify an award for the period from July 7 to July 29. Moreover, in her rule appellee prayed only that her judgment for alimony be made executory for the amount to be *1045 computed to June 15, 1955. Under these circumstances we think the trial judge erred in including in the amount of the executory judgment the sum of $42 for the six weeks’ period between the filing of the rule and the date of the judgment, and the judgment will be amended by reducing the amount awarded by this sum.
For the reasons assigned the judgment appealed from is amended by reducing the executory judgment from $1,134 to $1,092, and as amended the judgment is affirmed.