127 So.2d 191 (1961)
Edith Buckner DUNCAN
v.
Donald Charles ROANE, Jr.
No. 10.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1961.
*192 Simon, Trice & Koury, by J. Minos Simon, Lafayette, for defendant-appellant.
Davidson, Meaux, Onebane & Donohoe, by Lawrence E. Donohoe, Lafayette, for plaintiff-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
HOOD, Judge.
Defendant, Donald Charles Roane, Jr., has appealed from a judgment of the district court rendered on April 18, 1958, condemning him to pay to plaintiff, his former wife, the sum of $1,580 as arrearages in alimony and child support, and further ordering him to pay the sum of $150 per month, beginning April 15, 1958, for the support of their three minor children. Appellant does not question that portion of the judgment which orders him to pay current support for the children, but he contends that the trial court erred in condemning him to pay arrearages in alimony.
On March 17, 1953, judgment was rendered decreeding a separation from bed and board between plaintiff and defendant, awarding plaintiff the permanent custody of their two minor children, subject to defendant's right of visitation, and ordering defendant to pay unto plaintiff the sum of $150 per month for her support and for the support of the two children. About five months after this judgment was rendered a third child was born to plaintiff.
One year after the rendition of the separation decree plaintiff filed suit for an absolute divorce, and a judgment granting such a divorce was rendered on April 23, 1954. That judgment, however, contained no provisions relating to the custody of any of the children or to the payment of alimony or support.
On November 6, 1957, plaintiff (who had remarried after the judgment of final divorce was rendered) filed a petition praying that a rule issue directing defendant to show cause why the original judgment rendered on March 17, 1953, should not be amended (1) to give plaintiff the custody of her youngest child who was born after the original judgment was rendered, (2) to order defendant to pay plaintiff the sum of $150 per month for the support of the three children, and (3) to fix the arrearages in alimony and support at $6,625 and make that judgment executory. A rule was issued in accordance with the demands contained in that petition.
This rule was tried on November 13, 1957, and at the conclusion of the trial, the trial judge took under advisement the question presented as to arrearages in alimony, but pending a decision on that issue he ordered defendant to pay $150 per month for the support and maintenance of the *193 children, with the provision that $50 of each such payment would be applied toward the payment of any arrearages in alimony "that the court may find to be due" by defendant. A formal decree to that effect was read and signed on January 13, 1958.
On April 18, 1958, judgment was rendered by the trial court fixing the accrued and unpaid alimony at the sum of $1,580, and condemning defendant to pay that amount to plaintiff. It further was decreed that the judgment rendered on January 13, 1958, be modified by ordering defendant to pay to plaintiff for the support of the three children the sum of $150 per month, with no provision in that judgment for any portion of such payments to be credited to arrearages in alimony. It is from this last judgment that defendant has appealed.
The trial court correctly held that a judgment of divorce abates and renders ineffective a prior judgment of separation from bed and board between the parties, including all incidents flowing therefrom. Thornton v. Floyd, 1956, 229 La. 237, 85 So.2d 499; Bienvenue v. Bienvenue, 1937, 186 La. 429, 172 So. 516; and Bowsky v. Silverman, 1936, 184 La. 977, 168 So. 121. In this case, therefore, the judgment rendered by the trial court on March 17, 1953, condemning defendant to pay alimony and support at the rate of $150 a month, abated and became ineffective on April 23, 1954, when the judgment granting a final divorce was rendered. Insofar as the payment of support is concerned, therefore, the effect of these two decrees is that defendant was obligated to pay the sum of $150 per month from March 17, 1953 until April 23, 1954, which amounted to the aggregate sum of $1,980. Although the separation decree abated and became ineffective when the judgment of final divorce was rendered, plaintiff nevertheless is entitled by summary proceedings to obtain a judgment fixing the amount of alimony or support which accrued before the final divorce was granted and which has not been paid, and to have that judgment made executory. Cotton v. Wright, 1939, 193 La. 520, 190 So. 665: Thornton v. Floyd, supra; Miller v. Miller, 1944, 207 La. 43, 20 So.2d 419.
While the case was pending on appeal defendant filed a plea of prescription of three years, based on Article 3538 of the LSA-Civil Code, the pertinent portions of which provide:
"Art. 3538. The following actions are prescribed by three years:
"That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables.

* * * * * *
"This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced."
Since the judgment ordering defendant to pay alimony abated on April 23, 1954, and no action was taken by plaintiff to enforce payment of these arrearages until November 6, 1957, defendant contends that plaintiff's right to enforce payment of this past-due alimony has been lost by prescription of three years, under the provisions of the above quoted article of the Civil Code. Plaintiff, on the other hand, contends that the prescription provided in that article does not run against minors and in support of that argument, counsel cites LSA-C.C. Article 3554; Gehrkin v. Gehrkin, 1950, 216 La. 950, 45 So.2d 89; and Pisciotto v. Crucia, 1954, 224 La. 862, 71 So.2d 226.
Article 3554 of the LSA-Civil Code is general in its application. It provides that "Prescription does not run against minors and persons under interdiction, except in the cases specified by law." Article 3541 of the LSA-Civil Code, however, specifically provides that the three year prescription provided in Article 3538 "shall run against married women, minors and interdicted persons, reserving however, to minors and interdicted persons recourse against their tutors or curators."
*194 In Arabie v. Arabie, 1956, 230 La. 1036, 89 So.2d 890, 891, which involved an award of alimony for the support of a minor child as in this case, the Supreme Court held that the three-year prescription provided by LSA-C.C. Art. 3538 was applicable. In so holding, the court said:
"On the trial of the rule the judge found that defendant had made no alimony payments since the rendition of the 1944 judgment. He concluded, however, that under Article 3541 of the Civil Code the three-year prescription provided in Article 3538 of the Code was applicable even to alimony due for the support of a minor * * *

"In the instant proceeding the trial judge was correct in holding that the prescriptions of 10 years provided in Articles 3544 and 3547 were not applicable, but that the prescription of three years provided in Article 3538 was applicable. See Art. 3541, La.Civ.Code; Wright v. Wright, [189 La. 539, 179 So. 866], Miller v. Miller, and Gehrkin v. Gehrkin, all cited above * * *." (Emphasis added.)
In Miller v. Miller, supra, although no question of minority was involved, the Supreme Court used the following language which we think has some significance here [207 La. 43, 20 So.2d 421]:
"The lawmakers must have taken cognizance of the peculiar nature of a judgment for alimony when they adopted Article 3538 of the Revised Civil Code, providing that actions for arrearages of alimony are prescribed in three years. We think it significant that Article 3541 of the Revised Civil Code provides that the prescription mentioned in Article 3538 runs against married women."
The two cases relied upon by counsel for are not apposite to the issue presented here. Although some language was used in Gehrkin v. Gehrkin, supra, which indicates that the prescription provided in LSA-C.C. Article 3538 may not apply to the claims of a minor, the demand in that case was made within the prescriptive period and apparently no plea of prescription was filed by the defendant, so it was unnecessary for the court to determine whether the prescription provided in that article should be applied. In Pisciotto v. Crucia, supra, no question of minority was involved.
We conclude that in view of the provisions of Articles 3538 and 3541 of the LSA-Civil Code, the prescription of three years provided in Article 3538 is applicable in this case, even though the payments which defendant had been ordered to make to his wife were partially for the support of his minor children. Since more than three years elapsed from the time the judgment ordering the payment of alimony and support abated until a demand was filed by plaintiff for the arrearages, plaintiff's action must be held to have been lost by prescription of three years unless prescription was interrupted by one of the methods provided by law. As will be pointed out later, we feel that the running of prescription has been interrupted.
Defendant contends that he has paid to plaintiff more than the amounts which he was required to pay under the separation decree rendered on March 17, 1953. Plaintiff admits that after the separation decree was rendered she has received from defendant the following sums of money or payments:
(1) In September, 1953, shortly after the birth of the third child, plaintiff received the sum of $1,000.00 from defendant, which plaintiff states was "to cover the expenses of the baby's birth."
(2) In October, 1953, she received $200.00 from defendant, which amount was designated at the time as a payment on alimony.
(3) On another occasion, plaintiff asked defendant for money for a tonsillectomy for one of the children, and *195 in response to that request defendant gave plaintiff $300.00.
(4) In December, 1954, plaintiff received $50.00 from defendant "for Christmas presents."
(5) In December, 1955, plaintiff received $200.00 from defendant, accompanied by a letter stating that it was "for Christmas presents for the children."
(6) In December, 1956, defendant gave a $25.00 bond to each of his three children for Christmas.
Defendant contends that he made other payments to plaintiff, to which he is entitled to credit. The evidence fails to establish, however, that any such additional payments were made, except that in compliance with the order of the district court, issued on November 13, 1957, and the judgment rendered on January 13, 1958, defendant made four monthly payments of $150 each, and $50 of each such payment, according to the court order, was to be credited to arrearages in alimony.
Plaintiff concedes that the payment of $200 made in October, 1953, should be credited toward payment of the accrued alimony due by defendant, but she contends that that is the only payment for which defendant should be given credit on that account, since all other amounts were given to her for specific purposes. Defendant, on the other hand, contends that he is entitled to credit for all the amounts which he gave to plaintiff after judgment was rendered ordering him to pay alimony.
In Cotton v. Wright, supra, where an issue was presented as to what payments should be credited on accrued alimony, the Supreme Court said [193 La. 520, 190 So. 670:
"As relates to the amount which the judge found due, his finding was correct. Even though defendant was ordered in March, 1937, to pay his wife $19.85 per week for the support of herself and the two minor children of the marriage, and even though that judgment was affirmed by this court a year later, defendant, according to the testimony adduced at the trial of the present rule, has never paid to the wife any of these installments. He did, however, during that time deliver checks to this children made payable to them, aggregating $750.00. These checks were endorsed by the children and collected by the mother, and the amounts used for their support. The trial judge held that, in as much as the wife actually received these amounts in cash, defendant should be given credit for them. But, as to the other amounts for which defendant claims credit, such as some small bills which he had paid for goods he had ordered, the court ruled that he was not entitled to credit for them because he could not dictate to his wife how the sums due her should be used. The judge ruled that, in as much as the children had been placed in her custody and the defendant had been required to pay to her each week a certain sum for the support of herself and the children, the disbursement of these sums was her privilege and responsibility, and that he had no right to dictate to her how the amounts should be used. We think his ruling was correct."
In our opinion, the rule applied in Cotton v. Wright, supra, should be applied here. Plaintiff has been awarded the custody of the minor children, and it is her privilege and responsibility to determine the manner in which the funds which defendant has been ordered to pay to her are disbursed. Defendant has no right to dictate to her how those amounts should be used. Ordinarily, the test to be applied in determining whether the payments made by defendant should be credited toward the payment of alimony, therefore, is simply whether plaintiff had the unrestricted right to determine how those funds were to be disbursed. The fact that defendant may *196 have instructed plaintiff to spend a portion of those funds in a particular manner, or that he may have given her money for a specified purpose, does not, in our opinion, constitute a restriction or limitation on plaintiff's right to disburse such funds in any manner she chooses.
Defendant is not entitled to credit for the three $25 bonds which he gave to his children, because the record does not indicate that plaintiff received or was able to use the proceeds of those bonds. The evidence convinces us, however, that plaintiff did receive and had the unrestricted right to disburse all of the other funds which she admits she received from defendant. We conclude, therefore, that defendant is entitled to credit for those payments, and that the trial court erred in failing to allow him those credits.
As has already been stated, the aggregate sum of money which defendant was required to pay to plaintiff as alimony or support under the judgment rendered on March 17, 1953, was $1,980. The payments made by defendant after that date, and to which he is entitled to credit as above set out, amount to the aggregate sum of $1,750. In addition thereto, and as correctly held by the trial judge, defendant is entitled to a further credit of $200, being a portion of the four payments made by defendant after November 13, 1958, in compliance with the order of the court issued on that date. Defendant, therefore, is entitled to credits aggregating $1,950, leaving a balance of $30 due by him as accrued and unpaid alimony and support.
Defendant contends that the judgment rendered by the trial court on January 13, 1958, decreeing that $50 of each monthly payment which he was required to make should be credited toward the payment of arrearages in alimony, was a final judgment in which he had a vested right, and that the trial court had no authority to modify that judgment "except in the mode provided by law." C.P. Art. 548. Counsel argues that the original judgment could be modified by the trial court only upon application for rehearing or new trial, by appeal, or upon a showing of a change of circumstances attended by due process, including citation, and a hearing. The only authorities to which we have been referred in support of that argument are C.P. Article 548 and the cases of Wainwright v. Wainwright, 1950, 217 La. 563, 46 So.2d 902, and Lodatto v. Lodatto, 1959, 238 La. 305, 115 So.2d 359.
Article 548 of the Code of Practice provides that the trial judge cannot alter a judgment, when once rendered, except in the mode provided by law. Counsel apparently is contending that the judgment rendered on January 13, 1958, is a definitive judgment and that it can be modified or revised only by one of the methods provided in Article 556 of the Code of Practice. In the Wainwright case, the Supreme Court held that a judgment for past due alimony is protected the same as any other judgment under the provisions of Article 548 of the Code of Practice. In the Lodatto case the Supreme Court merely re-affirmed its prior decisions to the effect that a suspensive appeal may be taken from a judgment ordering the payment of alimony pendente lite. In neither of these cases, however, does the court hold that a judgment ordering the payment of current alimony is a definitive judgment.
A judgment ordering the payment of future alimony is not a final judgment, but is always subject to review and change as to future installments in the court which rendered it. Wright v. Wright, 1938, 189 La. 539, 179 So. 866; Miller v. Miller, supra; Colby v. Colby, 1942, 200 La. 321, 7 So.2d 924. In this case the judgment rendered on January 13, 1958, insofar as it related to the payment of support for the children, was not a final judgment and Article 556 of the Code of Practice is not applicable. In the written reasons for judgment assigned by the trial judge it is made clear that the decree signed on January 13, 1958, was intended as an interlocutory decree ordering defendant to provide for *197 the support of his children as therein set out "until further orders of the court." We have been referred to no authorities holding that a formal citation and hearing is necessary before a judgment ordering the payment of current alimony can be modified. Assuming but without determining that such a procedure is necessary, however, it is apparent in this case that the judgment of April 18, 1958, was rendered pursuant to the hearing held on November 13, 1957, which defendant apparently concedes was preceded by the proper citation. We conclude that under the circumstances presented here the trial court was legally empowered to render the judgment from which defendant has appealed.
In our opinion the payment of $50 made by defendant in December, 1954, and the payment of $200 made by him in December, 1955, constituted an acknowledgment of defendant's indebtedness to plaintiff and interrupted the running of the prescription provided by LSA-C.C. Art. 3538. Although no jurisprudence has been pointed out to us holding specifically that a payment or oral acknowledgment interrupts prescription on a claim for alimony, it is settled that such an acknowledgment interrupts the running of prescription on other types of actions which are listed in and made subject to the prescription provided in Article 3538 of the LSA-Civil Code. Henry Block Co. v. Papania, 1908, 121 La. 683, 46 So. 694; Bennett-Brewer Hardware Co. v. Wakeman, 1926, 160 La. 407, 107 So. 286; Ritchie Grocer Co. v. Dean, 1935, 182 La. 518, 162 So. 62; Holmes Co., Ltd. v. Hiller, 1928, 7 La.App. 590; Farrnbacher v. Levy, La.App. 1938, 180 So. 254; Hotard v. Fleitas, Inc., La.App. 1953, 67 So.2d 345; Comment, 14 Tul.L.Rev. 430-444 (1940). We think the law relating to prescription and the interruption of prescription on accounts, salaries of clerks, arrearages of rent charges, and other actions included in LSA-C.C. Art. 3538, must also be applied to actions for arrearages of alimony. Accordingly, we conclude that the payments, made by defendant after the original judgment ordering the payment of alimony and support had abated, interrupted the running of the three-year prescriptive period. Plaintiff instituted an action to recover the arrearages within three years after prescription was last interrupted, so we conclude that there is no merit to the plea of prescription filed by defendant.
For the reasons herein assigned, the exception or plea of prescription filed by defendant-appellant herein is overruled. The judgment of the district court, rendered on April 18, 1958, is amended by reducing the amount awarded to plaintiff as accrued alimony from $1,580 to $30, and as amended the judgment is affirmed. Defendant-appellant is condemned to pay all costs of this appeal.
Amended and affirmed.