HEARD, Judge.
On April 6, 1956 Evonne Young Manning was divorced from Bobby Joe Manning. In the decree she received custody of their two year old child, Cheryl Darlene Manning and $50 per month child support payable on the 12th day of April, 1956 and on the 12th day of each successive month thereafter.
Manning made the child support payments for a while but then began falling behind. Some months he paid nothing and some months he paid only $30.
Evonne Young Manning confronted Bobby Joe about the past due funds and he agreed to open an account in Carter Feder *359 al Credit Union in his and his daughter’s name in order to make up the amount past due. He began making these deposits on January 29, 1965, and in addition to the regular $50 per month payments, continued until February 20, 1970 when all of the funds were withdrawn by him.
On April 6, 1970 Evonne Young Manning sued Bobby Joe Manning for $2,220 past due child support from April 12, 1956 to the end of 1964. In addition she prayed for an increase in child support from $50 per month to $150 per month, and for $300 past due child support since October 12, 1969.
The trial judge awarded Mrs. Manning $750 of the $2,220 demanded and $125 child support per month. He rejected her demand for $300 child support since October 12, 1969. From this judgment the defendant, Bobby Joe Manning, perfected an appeal and plaintiff Evonne Young Manning answered the appeal petitioning the court to award her the sum of $2,220 for past due child support, $150 for child support dating from the filing of the plaintiff’s petition in the District Court, and the further sum of $300 for the support of the minor child between the dates of October 12, 1969 and the date of the filing of the petition in the District Court.
The trial court partially sustained a plea of three years liberative prescription as to the $2,220 demanded, holding that the deposit into the credit union account on January 29, 1965 interrupted prescription of the alimony debt. Therefore the court held that all child support claims prior to January 1962 had prescribed. A hearing was had to determine how much Manning had actually paid from January, 1962 to January 1965. It was shown that he paid $1,050 of the $1,800 owed for the three year period; thus, the trial judge awarded $750 to Evonne Manning.
The trial judge erred in sustaining the plea of prescription for a part of the amount due. It is the law of Louisiana that payment interrupts prescription of a claim for alimony. Duncan v. Roane, La. App., 127 So.2d 191 (3d Cir. 1961); Davis v. Contorno, La.App., 234 So.2d 470 (1st Cir. 1970).
The evidence indicates that at no time did three years elapse since April 12, 1956 without some child support payments being made by Manning.
There is insufficient evidence in the record to determine how much Manning actually paid from April 12, 1956 to January 1, 1962 and in order to render justice, this case must be remanded for the limited purpose of taking evidence on this issue.
The evidence established that he actually paid $1,050 from January 1, 1962 until January, 1965. Therefore, the award of $750 for that period is affirmed. Mrs. Manning made no claim for past due child support from January, 1965 until October, 1969 and this is not an issue.
As stated, the trial judge rejected Evonne Manning’s claim for $300 past due child support since October 12, 1969. This is because there are checks for $50 from Manning during this period. However, the evidence indicates that the October check (made out solely to Cheryl) was a gift and not a child support payment. Therefore, we hold that Evonne Young Manning is entitled to a $50 award for child support for October, 1969.
The trial judge awarded an increase of child support from $50 per month to $125 per month. It is so well settled as to require no citation that the trial judge has great discretion in these matters. In 1956 Cheryl was two years old and at the time of the trial she was sixteen. Her expenses have increased and the value of the dollar has decreased. Manning has an adequate income and his present wife also works. We see no abuse of discretion in this award and it is affirmed.
For the reasons stated, the judgment of the trial court is set aside and this case re *360 manded to the Twenty-Sixth Judicial District Court for further proceedings in accordance with law and consistent with the views expressed herein.
Costs are to be borne by appellant.