381 So.2d 901 (1980)
Mrs. Mary Jane MORASCO, Plaintiff-Appellant,
v.
Herbert E. METCALF, Defendant-Appellee.
No. 7408.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1980.
P. Michael Maneille, Lake Charles, for plaintiff-appellant.
Quirk, Handley & Lavern by John F. Lavern, Lake Charles, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and STOKER, JJ.
STOKER, Judge.
Plaintiff, Mary Morasco, brings this appeal from a judgment of the district court sustaining defendant's exception of prescription.
Mrs. Morasco obtained a judgment of divorce from defendant, Herbert Metcalf, on October 14, 1971. This judgment awarded plaintiff custody of the two children of the marriage and child support at the rate of $100.00 per month.
On February 9, 1979, plaintiff filed this rule against her former husband seeking the sum of $1,780.00, the amount of support allegedly unpaid from September, 1974 to *902 February, 1979. Plaintiff also requested an increase in child support. Defendant filed an exception of prescription as to any child support arrearages due for a period exceeding three years.
At the trial, an increase in child support was stipulated by the parties. The parties also stipulated that if the exception of prescription was sustained, plaintiff would be entitled to recover only $1,140.00 of the $1,780.00 in child support arrearages due.
Following a trial, the trial judge, citing LSA-Civil Code article 3538, sustained defendant's exception of prescription. Judgment was rendered in favor of plaintiff making executory child support arrearages in the sum of $1,140.00.
Plaintiff contends the trial court erred in sustaining the exception of prescription because child support payments made by defendant constituted an acknowledgment of his support obligation, interrupting the running of prescription.
The main issue presented by this appeal is the effect of the making of child support payments on the running of prescription.
LSA-Civil Code article 3538 provides, in pertinent part:
The following actions are prescribed by three years:
That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables . . .
This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced.
The jurisprudence has held that the prescription of Article 3538 is applicable to child support payments. Arabie v. Arabie, 230 La. 1036, 89 So.2d 890 (1956). This jurisprudence is clearly applicable in the present action.
In Duncan v. Roane, 127 So.2d 191 (La.App. 3rd Cir. 1961), this court held that alimony payments made pursuant to a judgment ordering support, interrupted the running of the three year prescription of LSA-C.C. article 3538.
In Duncan, a judgment was rendered on March 17, 1953, decreeing a separation from bed and board and awarding the wife $150.00 for her support and for the support of two children. This support award was not modified until November 6, 1957, when the wife "filed a petition praying that a rule issue directing the defendant [husband] to show cause why the original judgment rendered should not be amended . . . (3) to fix the arrearages in alimony and support at $6,625.00 and make that judgment executory."
This court concluded:
. . . the prescription of three years provided in Article 3538 is applicable in this case, even though the payments which defendant had been ordered to make to his wife were partially for the support of his minor children. Since more than three years elapsed from the time the judgment ordering the payment of alimony and support abated until a demand was filed by plaintiff for the arrearages, plaintiff's action must be held to have been lost by prescription of three years unless prescription was interrupted by one of the methods provided by law.. . ., we feel that the running of prescription has been interrupted.
The court writing in Duncan, felt that payments in December, 1954, of $50.00 and in December, 1955, of $200.00 constituted an acknowledgment of defendant husband's indebtedness to the wife and interrupted the running of prescription provided by LSA-C.C. article 3538. Plaintiff instituted an action to recover the arrearages within three years after prescription was last interrupted, so this court held there was no merit to the plea of prescription filed by plaintiff.
Agreement with this reasoning has been shown by our brothers in the First and Second Circuit Courts of Appeal. In Davis v. Contorno, 234 So.2d 470 (La.App. 1st Cir. 1970) the First Circuit cites Duncan as "authority for the rule that payments pursuant to an alimony judgment constitute acknowledgment of the alimony obligation sufficient to interrupt the prescription provided *903 for by LSA-R.C.C. Article 3538." In Manning v. Manning, 259 So.2d 358 (La.App. 2nd Cir. 1972), the Second Circuit cited Duncan and said, "It is the law of Louisiana that payment interrupts prescription of a claim for alimony."
Appellee in the instant case, Herbert E. Metcalf, cites Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954). In that case the court stated, ". . . the liability of defendant in rule for payment of past-due alimony should not exceed 156 weeks, . . . which amount is subject to credit of $50.00, a payment admittedly received . . . [by plaintiff] in July 1952, shortly before this proceeding was filed."
Pisciotto is distinguishable from the case here on appeal. In the Pisciotto case there was a payment made in July, 1952, shortly before the proceeding for unpaid alimony was filed on August 14, 1952. The Supreme Court in its decision did not consider whether or not this July payment interrupted the running of prescription for the apparent reason that said payment was made very close in time to the date the rule was filed. Because the Supreme Court did not rule on whether or not the July payment interrupted the running of prescription, the Pisciotto case cannot be used to support an argument that the three-year prescription period under Article 3538 is not interrupted by a payment of support.
In the present action, it was stipulated by the parties that at no time since this support order was rendered did three years lapse between the making of support payments. The support payments made by defendant constituted an acknowledgment of his support obligation, interrupting the three-year prescription of Article 3538. Because of the legal interruption, or interruptions, plaintiff's right to have made executory child support arrearages dating from September, 1974, to February, 1979, had not prescribed when this suit was filed.
For the above and foregoing reasons, the judgment of the trial court should be reversed. Plaintiff is entitled to judgment making executory the sum of $1,780.00, the amount of child support arrearages due from defendant from September, 1974, to February, 1979. We also award the attorney's fees for both the trial and appeal court to plaintiff-appellant in the amount of $1,000.00 as provided for by LSA-R.S. 9:305.

DECREE
For the reasons assigned, the judgment appealed is reversed, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff, Mrs. Mary Jane Morasco, and against Herbert E. Metcalf, making executory the sum of $1,780.00, which is the amount of child support arrearages owed by defendant for the period from September, 1974, to February, 1979, together with legal interest calculated from the due date of each alimony payment as fixed in the original judgment.[1] It is further ordered, adjudged, and decreed that there be judgment in favor of plaintiff and against defendant, Herbert E. Metcalf, in the sum of $1,000.00 in attorney's fees as provided for by LSA-R.S. 9:305, plus interest on this amount at the rate of 7% per annum from the date of this judgment until paid.[2] All costs of this proceeding, including the costs of this appeal, are assessed against defendant, Herbert E. Metcalf.
REVERSED AND RENDERED.
NOTES
[1] Miller v. Miller, 321 So.2d 318 (La.1975).
[2] Bruner v. Bruner, 373 So.2d 971 (La.App. 2nd Cir. 1979).