399 So.2d 1255 (1981)
Leona Marie Landry, wife of Thomas Patrick REED
v.
Thomas Patrick REED.
No. 11761.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
*1256 Reed & Reed, Floyd J. Reed, Trial Atty., New Orleans, for Thomas Patrick Reed, defendant-appellant.
Steven F. Griffith, Sr., Ltd., Steven F. Griffith, Sr., Trial Atty., Destrehan, for Leona Reed Wolfe, plaintiff-appellee.
Before Gulotta, Boutall and Schott, JJ.
BOUTALL, Judge.
This appeal arises from a judgment of the trial court awarding to the plaintiff and against the defendant lump sums for both past due alimony as well as for the enforcement of a community property settlement contract entered into between the plaintiff and the defendant.
The plaintiff, Leona Landry, and the defendant, Thomas Reed, were married on April 25, 1959. Of this relationship four children were born. Marital relations between these two parties broke down in 1970, resulting in a judgment of separation the following year on January 13, 1971. Subsequently, on October 5, 1972 a judgment of divorce a vinculo matrimonii was entered in favor of the plaintiff, based on living one year separate and apart. This latter decree contained several orders, one of which awarded the care, custody, and control of the four minor children to the plaintiff. Another order required the defendant to pay $60 per week unto the plaintiff in fulfillment of the obligation of alimony and child support plus an additional sum of $93.80 per month to the Jefferson Savings and Loan Association in payment of a mortgage on the home occupied by the plaintiff and the four children. The latter of these two figures was awarded as per a community property settlement agreement entered into between these two parties. On November 2, 1977 the plaintiff brought an action against the defendant to recover past due alimony and child support, as well as for the payments due on the mortgage issued to Jefferson Savings and Loan Association.
Upon trial of this matter, the lower court entered judgment in favor of the plaintiff *1257 and against the defendant awarding to her past due alimony in the amount of $3,199.00, the remaining sum due on the mortgage amounting to $5,385.86, and attorney's fees of $400 to the plaintiff's attorney. From this judgment the defendant has appealed this matter before us assigning two errors and appellee has answered assigning four errors.

I
The first issue we consider is the enforcement of the particular obligation of the community settlement agreement entered into by notarial act between the parties and forming the basis of the mortgage payment award. The agreement provides as follows:
"And the said Thomas Patrick Reed further agrees to assume the present mortgage balance on the aforesaid described property which is estimated to be reduced from the original sum of Ten Thousand Three Hundred and no/100 Dollars ($10,300.00) to Eight Thousand One Hundred and no/100 ($8,100.00) Dollars due and owing the Jefferson Savings & Loan Association of Gretna, Louisiana and agrees to hold the said Leona Landry Reed harmless from any liability or responsibility therein and the said Thomas P. Reed, Sr., agrees to make the aforesaid payments on the note due to Jefferson Savings & Loan Association each and every month as they become due and to continue payments on a regular monthly basis.
"The properties described above, whether real, personal, immovable or movable are transferred to and accepted by the parties, respectively, subject to the mortgages now outstanding thereon, and subject to the exception above named wherein the said Thomas P. Reed assumes the mortgage due and owing on all of the aforementioned properties."
The evidence reveals that the plaintiff and defendant entered into a community property settlement agreement on January 13, 1971 following a judgment of separation from bed and board. This agreement, in addition to the provisions cited above, provided for an equitable transfer of ownership of the property in the community. The plaintiff transferred to the defendant certain pieces of real estate, various boats, motors and equipment, a stock pledge, a truck, retirement fund and other miscellaneous items. In exchange, the defendant transferred to the plaintiff an automobile, and the community home and furnishings. Additionally, the defendant agreed to assume the outstanding loan on the community home, the provisions of which are cited above. In 1976 the plaintiff sold the community home. At that time the remaining balance on the loan amounted to $5,385.86. Demand was made upon the defendant by the plaintiff to pay this figure but these efforts were to no avail. Consequently, these proceedings were instituted by the plaintiff for the purpose of procuring the loan balance from the defendant. The trial court in its judgment awarded to the plaintiff the loan balance of $5,385.86 in a lump sum plus interest from the date of demand.
Appellant contends the trial judge erred because 1.) there was a verbal agreement between the parties at passage of the act of sale that the balance of the indebtedness was forgiven and 2.) that the sale legally and contractually extinguished the mortgage and, correspondingly, his obligation thereunder.
We do not agree. Although Reed testified that there was a verbal agreement of forgiveness, Mrs. Reed emphatically denied it. Although the trial judge gave no reasons for judgment and did not pronounce upon the credibility of the parties as to this agreement, we believe the record does support a credibility call in favor of Mrs. Reed. Our conclusion is based in part on the equitable exchange of community property, which included the assumption of the loan by the defendant, which took place following the judgment of separation. Proper consideration was given to the defendant in exchange for his act of assumption. Additionally, the language of the agreement indicates that the defendant will make payment on the loan under any circumstances including the situation presented *1258 in this case. Our reference here is to the "hold harmless" provision contained in the agreement.
Despite our finding that the obligation of the defendant continues to be viable we believe that he should not be forced to make the payment in a lump sum. The agreement calls for the defendant to make the payments on a monthly basis. Accordingly, we hold that the defendant must make a lump sum payment for those installments due between the time of his last payment and the date of this decision. Thereafter, we order that the defendant be given an option to make payments of $93.80 on a monthly basis to the plaintiff until the balance of the loan is satisfied, or make a lump sum payment for the balance owed.

II
The next issue we consider is that of application of the three year prescriptive period for past due alimony and child support payments as provided in LSA C.C. Art. 3538. It states in pertinent part: "The following actions are prescribed by 3 years; that for arrearages of rent charge, annuities and alimony ..." The trial court in determining the exact amount of alimony arrearage applied a 3 year prescriptive period thereby limiting the plaintiff's recovery to the amount of unpaid alimony accruing during 1975 and 1977. The plaintiff contends that this application was erroneous in light of the line of jurisprudence which recognizes interruption in the running of the limitation.
In Morasco v. Metcalf, 381 So.2d 901 (3rd Cir. La.App. 1980) suit was filed seeking the recovery of past due child support for the period of 1974 through 1979. The defendant filed an exception of prescription under LSA C.C. Art. 3538 which was sustained by the trial court thereby limiting the amount of the plaintiff's recovery to the unpaid child support for the period of 1977-1979. During the trial the parties stipulated that periodic payments were made all during the 6 year period of 1974 through 1979 and further that at no time did 3 years lapse between the payment of any of the support payments. Our brothers of the 3rd Circuit reversed the judgment of the trial court holding that the prescriptive period under LSA C.C. 3538 was interrupted and therefore, allowed the plaintiff to recover past due alimony for the entire period of delinquency. The court stated:
"The support payments made by defendant constituted an acknowledgment of his support obligation, interrupting the three-year prescription of Article 3538. Because of the legal interruption, or interruptions, plaintiff's right to have made executory child support arrearages dating from September, 1974, to February, 1979, had not prescribed when this suit was filed."
Also see: Davis v. Contorno, 234 So.2d 470 (1st Cir. La.App. 1970); Manning v. Manning, 259 So.2d 358 (2d Cir. La.App. 1972).
Regarding the case before us the evidence which we are presented is very similar to that faced by the court in Morasco v. Metcalf, supra. Here the plaintiff filed suit in 1978 seeking recovery of past due alimony and child support for the period of 1974 through 1977. The trial court in its judgment limited the plaintiff's recovery of the alimony and child support arrearages to the period of 1975 through 1977 thereby applying the 3 year prescriptive period. The record before us indicates periodic payments were made during the four year period and at no time did 3 years lapse between the making of any of the supports. Instead Reed's testimony is to the effect that he paid alimony continually. Accordingly, we find that the judgment of the trial court was in error as the prescriptive period was interrupted by the defendant's payments, and that the award of past due alimony and child support should be based upon the amounts due balanced by the amounts unpaid for the year 1974 as well as 1975 through 1977.

III
In our consideration of our next issue, the amount of alimony and child support past due and owing, we find that we are unable to set a precise figure based on the record before us.
*1259 First, we point out that because of his application of prescription, the trial judge did not permit full evidence from both parties as to the amount that may have been paid in 1974.
Second, because of the ruling made by the trial judge on whether the parties had changed the alimony award by mutual agreement, there is insufficient evidence in the record to determine the amount due as well as what payments may be applicable against it.
It is Reed's contention that there were two separate oral agreements between the parties which changed the original alimony judgment. One is that there was agreement that he should pay particular bills owed by Mrs. Reed, such as tuition, clothing, insurance, etc., in lieu of direct payments of money to her. The other is that there was agreement that the alimony payment of $60 per week would be reduced by $15 per week for each child who came to live with him, totaling $30. The trial judge, on the basis of Halcomb v. Halcomb, 352 So.2d 1013 (La.1977) and other cases, ruled that evidence of such agreements was impermissible and that only the court could change the judgment. Accordingly, Reed's bare statement of such agreements in explanation of his contention that he was current was not contested or even mentioned in questioning Mrs. Reed.
Since the rendition of the trial court's judgment, the Supreme Court has made it clear in Dubroc v. Dubroc, 388 So.2d 377 (La.1980) that an agreement between the ex-spouses is enforceable. However, in entering such an agreement certain requirements must be met. The court stated:
"For these reasons, an agreement by a parent to suspend his right to receive child support payments will not be enforced unless it meets the requisites for a conventional obligation and fosters the continued support and upbringing of the child. To allow the parent to suspend his right to receive support payments under circumstances contrary to the child's interests, would be inimical to the ultimate goal of support and upbringing of the child. On the other hand, if the parties clearly agree to a suspension of the payments, and such agreement does not interrupt the child's maintenance or upbringing or otherwise work to his detriment, the agreement should be enforceable."
In fairness to both parties, we conclude that this matter must be remanded to the trial court for an evidentiary hearing to determine whether or not there was an agreement entered into between the parties changing the original judgment awarding alimony and child support. Dependent upon that decision, the trial court must then permit pertinent evidence on the payments made beginning with the year 1974 forward. Additionally we point out that in the event that it is concluded that there is an amount of alimony payments in arrears, that interest thereon should be computed from the date that the arrearage was due until paid. Marshall v. Marshall, 390 So.2d 1365 (4th Cir. La.App., 1980).

IV
The next issue for our consideration concerns the award of attorney's fees made by the trial court in connection with the rule to make past due alimony executory. LSA R.S. 9:305 provides:
"When the court renders judgment in an action to make past due alimony or child support executory, except for good cause, the court shall award attorney's fees and court costs to the prevailing party."
The trial court in its judgment awarded $400 to plaintiff for attorney's fees. Under the judgment as rendered below, we certainly would have no quarrel with such an award, and indeed it is well within the bounds of reasonableness. However, because of the necessity to remand this matter to fix the actual amount of past due alimony executory, we believe it to be necessary to similarly remand this issue to the trial court for reconsideration in relation to the determination of award in the forthcoming proceedings.
*1260 Accordingly, we affirm that part of the judgment in favor of Leona Marie Landry Reed against Thomas Patrick Reed in the amount of $5,385.86, representing the remaining sum due on the mortgage under their agreement, except that we amend said judgment to grant defendant an option to make a lump sum payment for those installments due between the time of his last payment and the date of this decision, and thereafter to make payments of $93.80 per month until payment of the balance of the loan is satisfied. The remainder of the judgment is vacated and set aside, and this matter is remanded to the trial court for a determination of the amount of past due alimony, attorney's fees and court costs.
AFFIRMED IN PART, AMENDED IN PART, SET ASIDE AND REMANDED IN PART.