417 So.2d 400 (1982)
Penny Acton, wife of Gabriel BURBANO
v.
Gabriel BURBANO.
No. 12985.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1982.
Rehearing Denied August 19, 1982.
*401 Floyd J. Reed, Reed & Reed, New Orleans, for plaintiff-appellee.
Malcolm B. Robinson, Jr., Metairie, for defendant-appellant.
Before WARD, BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
The plaintiff Penny Acton Burbano and the defendant Gabriel Burbano were married in 1959. Two children were born of the marriage. The plaintiff was awarded a divorce from defendant in 1972. The defendant was ordered to pay $150.00 per month for alimony and $150.00 per month for child support. The defendant was later ordered to pay an additional $50.00 per month for child support. He has had difficulty keeping current with these payments, and the plaintiff has had to resort to court action to compel defendant to pay. Prior to the rule involved herein, the last proceeding brought against the defendant by the plaintiff was in November, 1975.
On November 1, 1980, plaintiff filed a rule to make past due payments executory. She contended that the damages should be calculated from November 7, 1975 (the last executory judgment) to February 1, 1981 (the last due date prior to trial). The defendant filed a motion to eliminate alimony and support payments.
The trial judge rendered judgment in favor of plaintiff and awarded her attorneys' fees.[1] It is from this judgment that the defendant appeals, citing five errors as the basis therefor. These errors are: (1) the trial court's overruling the defendant's exception of prescription; (2) the trial court's failure to consider the agreement whereby the plaintiff and the defendant entered into an agreement to waive child support while the children lived with their father; (3) awarding attorneys' fees; (4) refusal of the trial court to allow a witness to consult notes; and (5) refusal of the trial court to entertain evidence to indicate the amount of money spent by the defendant on his children while they resided with him.
PRESCRIPTION
The defendant contends that the trial court erred in not dismissing the plaintiff's action on the basis of prescription.
Louisiana Civil Code Article 3538 states in pertinent part:
"The following actions are prescribed by three years:
That for arrearages of rent charge, annuities and alimony, or for the hire of movables and immovables."
This three year prescriptive period also has been applied to child support payments. Arabie v. Arabie, 230 La. 1036, 89 So.2d 890 (1956). It has been held that prescription is interrupted when any payments are made within the period for which the alimony (or support) is sought. Reed v. Reed, 399 So.2d 1255, 1258 (La.App. 4th Cir. 1981); Morasco v. Metcalf, 381 So.2d 901 (La.App. 3d Cir. 1980).
Evidence adduced at trial showed that the defendant did make irregular payments between 1975 and the time that the action was brought. Although the plaintiff is seeking past due support and alimony for a period greater than three years, because the defendant has made some payments since the last judgment, prescription has been interrupted and does not bar the action.
AGREEMENT TO WAIVE CHILD SUPPORT
The defendant argues that the plaintiff agreed to waive child support during any *402 time that the children were living with him, and that she also specifically had waived a portion of the support payments during an eight-month period in which one child had lived with the father.
Court ordered child support cannot be modified or altered absent a judgment of the court. E.g. Dauzat v. Dauzat, 391 So.2d 60 (La.App. 3d Cir. 1980). The Louisiana Supreme Court has held, however, that divorced parents may agree to suspend payments if it would not "interrupt the child's maintenance or upbringing or otherwise work to his detriment." Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
The plaintiff testified at trial that during an eight month period in 1979, her son lived with his father and she told the defendant that he could deduct $200.00 a month from his child support payments. In brief to this court, the plaintiff claims that she waived the support only because she believed that she was under an obligation to do so. She did not, however, testify to such effect at trial, and no evidence is contained in the record to support her contention that her agreement to waive child support was made without a correct appreciation of the law. On the basis of her testimony, therefore, we can presume only that the plaintiff knowingly waived her right to child support during that eight-month period. This support amounts to $1,600.00.
At trial, the plaintiff unequivocally denied that she had entered into any agreement with the defendant to suspend support payments at any of the other times that one or both of the children lived with their father. Although, based upon the record, it would be difficult for us to decide that the plaintiff did waive support, we cannot find manifest error on the part of the trial court in its decision. Arceneaux v. Dominique, 365 So.2d 1330 (La.1978).
Finally, the plaintiff has argued in brief that the award for alimony and child support was in globo and, therefore, could not be reduced notwithstanding any agreements to that effect. This argument is totally without merit because the basic premise is wrong: the original judgment for child support and alimony was not an in globo award. The award specifically delineated the amount of money to be paid for support and for alimony. Furthermore, even though the judgment provides for the payment of one sum for both children, the plaintiff could nevertheless agree to reduce it proportionately as was done in Dubroc, supra.
ATTORNEYS' FEES
La.R.S. 9:305 provides:
"When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights except for good cause, the court shall award attorney fees and costs to the prevailing party."
It is clear that plaintiff is entitled to attorneys' fees. The trial court awarded the plaintiff $4,408.00, which represents a little over one-third of the total amount awarded to the plaintiff. The plaintiff contends that the amount awarded is reasonable in light of the work done by her attorney. The plaintiff contends that her counsel: (1) made two court appearances for a rule, which was continued both times; (2) attended a deposition; (3) appeared at trial; (4) held conferences with plaintiff; and (5) prepared for appeal.
Although as the plaintiff contends that this amount is reasonable and points out in support of this argument that there has been an award of attorneys' fees in the amount of one-third of support/alimony recovered, such an award was made when the amount of support/alimony was considerably lower than in the instant case. In Thompson v. Courville, 372 So.2d 579 (La. App. 3d Cir. 1979), relied upon by the plaintiff, attorneys' fees that were one-third of the judgment were recovered. In Thompson, however, the recovered alimony/child support was only $2,700.00 and the attorneys' fees were $900.00. In the instant case, an award of one-third of the judgment is not supported by the record. Based upon the work actually done by counsel both at *403 trial and on appeal for the plaintiff, we find that an award of $2,000.00 is fair.
REFUSAL OF TRIAL COURT TO ALLOW WITNESS TO CONSULT NOTES
and
REFUSAL OF TRIAL COURT TO ACCEPT EVIDENCE OF MONEY SPENT ON CHILDREN BY DEFENDANT
The defendant claims that the trial court erred in refusing to allow defendant's present wife to consult her notes in order to determine the exact dates on which the children stayed with him. He also alleges that the trial court was in error in not allowing him to testify and to offer into evidence proof of the amount of money he has spent on the children.
No error was committed by the trial court. Numerous witnesses, including the defendant and the children of the marriage, testified at length as to the amount of time that the children lived with the father. The defendant was allowed to make a proffer of his expenditures on the children during the time that they lived with him. Such payments cannot be considered as a set-off to court-awarded support absent an agreement between the parties. Furthermore, even had the trial court considered this evidence, it would not have been in error to rule that such an agreement did not exist. It is reasonable, under any circumstances, to assume that a parent with whom a child is living will incur expenses in maintaining the child. The fact that the defendant spent money in supporting the children while they stayed with him is not conclusive.
CREDIT
At the time of the property settlement, the plaintiff gave the defendant a $5,000.00 note in exchange for allowing her to keep certain community property. The court allowed the defendant to deduct $150.00 a month from his alimony payments to his wife. The trial court did not mention any credit in its reasons for judgment, although it appears that in its calculation, the defendant was awarded a credit of $1,850.00, the amount outstanding on the note. The plaintiff admitted at trial that she still owed this credit and does not dispute it in brief. The defendant shall be allowed to keep this credit.
IT IS ORDERED, ADJUDGED, AND DECREED THAT the amount of past due child support awarded to the plaintiff be reduced by $1,600.00, pursuant to the agreement between the parties, to $11,625.00.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the attorneys' fees awarded in the amount of $4,408.20 be reduced to $2,000.00.
AFFIRMED IN PART.
AMENDED IN PART.
WARD, J., concurs with written reasons.
WARD, Judge, concurring.
I disagree with that part of the majority decision that reduced the Trial Judge's award of attorney's fees. I do not believe the trial record supports either that part of the majority decision that awarded $2,000.00 or the Trial Judge's award of $4,408.00. There are simply no factual findings in the record either of the number of hours devoted to the case or of a reasonable hourly compensation to support the majority or the Trial Judge. However, since counsel did not support his claim for attorney's fees in the Trial Court, I concur in the result.
NOTES
[1] The judgment also terminated child support, because the children of the marriage had reached majority.