433 So.2d 319 (1983)
Willie B. Jarrell WEATHERSPOON
v.
Londia Charles WEATHERSPOON.
No. 82 CA 0761.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Rehearing Denied June 29, 1983.
*320 Pamela Moses, Baton Rouge, for plaintiff-appellee Willie B. Jarrell Weatherspoon.
Arnold J. Gibbs, Baton Rouge, for defendant-appellant Londia Charles Weatherspoon.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
Two issues are presented in this case for child support arrearages. One, has the claim for arrearages prescribed as to amounts due more than three years prior to the filing of the rule? Two, is the defendant husband entitled to a credit in child support for a period of time in which he supported the minor children?
The facts giving rise to this litigation are as follows. Plaintiff Willie Weatherspoon (now Sims) and defendant Londia Weatherspoon were divorced in November of 1975. Of this marriage, four children were born. Prior to the marriage, three children were born and had since been acknowledged by their natural father, Londia Weatherspoon. At the time of the divorce all seven children were minors. The mother, Willie Weatherspoon, was granted custody of the seven children and the father was ordered to pay $520 a month for child support.
In April of 1982 plaintiff filed a rule for past due child support, alleging defendant owed $5,820 in arrearages. Plaintiff alleged that in 1977 the defendant failed to pay the child support of $520 per month for two months. He paid the full amount for the other 10 months of the year and was current in his payments until September of 1980 when he missed one month's payment. Starting in October of 1980 and until February of 1982, defendant paid plaintiff $300 a month. She alleged she had received no payment for the month of March 1982, which was the date the rule was filed. A trial on the rule was held and judgment was rendered in favor of plaintiff for $6,080.00 plus $400 attorney fees. The future child support payments were reduced to $125 per month for each of the three remaining minor children, a total of $375 per month. From this judgment Mr. Weatherspoon has appealed.
Appellant's first argument is that the court erred in awarding any amount for arrearages for a period of time more than three years prior to the filing of the rule. He cites La.Civil Code art. 3538 which states actions for arrearages for alimony prescribe in three years. However, the jurisprudence *321 has made it clear payments made pursuant to a judgment ordering support are an acknowledgment of the debt and interrupt the running of the three year prescription. Morasco v. Metcalf, 381 So.2d 901 (La.App. 3d Cir.1980). Therefore, the claim for alimony or child support has not prescribed so long as there was never a three year lapse between payments. Reed v. Reed, 399 So.2d 1255 (La.App. 4th Cir. 1981); Morasco, supra; Manning v. Manning, 259 So.2d 358 (La.App. 2d Cir.1972).
The testimony at trial revealed that at no time did a three year period lapse between payments. Therefore, the court was correct in denying the peremptory exception raising the objection of prescription.
The second issue raised by appellant is whether or not he is entitled to a credit for a period of time in which he cared for the minor children.[1]
We have addressed this identical issue in another case handed down this day. See Vallaire v. Vallaire, 433 So.2d 315 (La. App. 1st Cir.1983). As we stated therein, the general rule in Louisiana is an alimony or child support judgment remains in full force until the party ordered to pay it has the judgment modified or terminated by a court. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir.1979).
However, there are two jurisprudential exceptions to this general rule. The first is when the evidence shows the parties have "clearly agreed" to waive or to otherwise modify the court-ordered payments. Dubroc v. Dubroc, 388 So.2d 377 (La.1980), rehearing denied 1980; Burbano v. Burbano, 417 So.2d 400 (La.App. 4th Cir.1982); Seifert, supra.
In Dubroc, the court was satisfied the wife had agreed to waive child support for one child for a period of time in which the child resided with the father. In Burbano, the wife admitted she had agreed to a reduction in child support for the time in which one child lived with the father. In Seifert, the wife had executed a written waiver of child support.
We note here that although the court will allow a credit in situations where the evidence shows the wife consented to the reduction, it will not consider more acquiescence or failure to demand payment to be a consent. Dubroc, supra.
In the present case there is no evidence of an agreement. Mrs. Weatherspoon testified she never agreed to accept less than the full amount of child support the court ordered her husband to pay. Therefore, appellant is not entitled to a credit on this basis.
The second exception (recognized only by the Second Circuit) has occurred in cases where although there may not have been a clear agreement concerning the modification of child support, the mother has voluntarily placed custody of all children with the father. See Henson v. Henson, 350 So.2d 979 (La.App. 2d Cir.1977); Caraway v. Caraway, 321 So.2d 405 (La.App. 2d Cir. 1975); and Silas v. Silas, 300 So.2d 522 (La.App. 2d Cir.1974), writ refused, 303 So.2d 177 (La.1974).
These cases have one fact in common: all of the children, (or the only child) were transferred to the custody of the father. In none of the cases were less than all of the minor children transferred. Therefore, in order to be granted a credit under this exception appellant must show he cared for all of the children for a substantial period of time.
In his brief, appellant contends he cared for the four minor children from October 1980 until August 1981. In her brief, appellee states the appellant cared for the five minor children only for a period of time in which she was hospitalized. When she was released from the hospital two of the minor children returned immediately to her care. The record is not clear on this matter. Appellant testified he had custody of four *322 children at one time but didn't specify as to which four of the seven children he was speaking. At one point he was asked how many children resided with Mrs. Sims during this period of time and he said, "During that time it was mostly one. Part of that time two was there." Later in his testimony he was asked to name the children who lived with him. He named Fate (who had recently turned 18), and three minors; Twanda Ann, Joyce and John Wayne. However, he made no mention of the fourth minor child, Londia. Therefore, we conclude appellant failed to prove he cared for all of the minor children for a substantial period of time, and accordingly, we decline to apply the exception recognized by the Second Circuit.
For these reasons, the judgment of the court is affirmed. Appellant is to pay costs.
AFFIRMED.
NOTES
[1] Although there is an abundance of jurisprudence on this subject, appellant's counsel failed to cite even a single case. This is a violation of rule 2-12.4, Uniform Rules, Courts of Appeal, which requires appellant to provide citations of authority.